IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEWAN LEE THOMPSON,<br><br>    Defendant and Appellant. | B306159<br><br>(Los Angeles County<br>Super. Ct. No. SA041815)<br><br>**NUNC PRO TUNC ORDER** |

BY THE COURT:*

    It is ordered that the opinion filed herein on December 21, 2020, be modified as follows:

    On page 1, the superior court judge's name is to read Drew E. Edwards, instead of Leslie E. Brown.

_____

EDMON, P. J.         LAVIN, J.         EGERTON, J.

Filed 12/21/20  P. v. Thompson CA2/3 (unmodified order)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEWAN LEE THOMPSON,<br><br>        Defendant and Appellant. | B306159<br><br>(Los Angeles County<br>Super. Ct. No. SA041815) |

APPEAL from an order of the Superior Court of Los Angeles County, Leslie E. Brown, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Dewan Lee Thompson of murder and other offenses. The trial court sentenced him to life in prison without the possibility of parole (LWOP) and imposed a $10,000 restitution fine. In 2019, Thompson unsuccessfully moved in the trial court to modify the restitution fine. He now appeals the trial court's order denying his motion. Because the order is nonappealable, we dismiss the appeal.

## PROCEDURAL BACKGROUND[1]

Thompson shot and killed his pregnant girlfriend when she tried to leave their apartment with one of her children. A jury convicted him of first degree murder, discharging a firearm at an inhabited dwelling, kidnapping, and assault with a firearm on a peace officer. The trial court sentenced him to LWOP, plus 55 years to life. It also imposed a $10,000 restitution fine. (§ 1202.4, subd. (b).) This court affirmed Thompson's judgment (*People v. Thompson* (B167923, July 9, 2004) [nonpub. opn.]), and the California Supreme Court denied review in 2004. The remittitur issued on September 28, 2004.

In 2019, Thompson, acting in propria persona, moved to modify the restitution fine. He argued that he was indigent, and imposition of the fine without an ability-to-pay determination violated his federal constitutional and state law rights. He urged that the "issue has not been waived by any perceived failure of the defendant inmate to object at the time of sentencing" because the fine amounted to an unauthorized sentence.

---

[1] We derive this information primarily from this court's unpublished opinion in Thompson's direct appeal, of which we take judicial notice. (Evid. Code, §§ 452, subd. (d), 459.)

The trial court denied the motion on the ground that the issue should have been raised in Thompson's direct appeal.

Thompson filed a timely notice of appeal.

## DISCUSSION

On September 1, 2020, appointed counsel filed a brief in which he raised no issues and requested that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. We notified appellant that he could submit a letter or supplemental brief stating any grounds for appeal, arguments, or contentions that he wished this court to consider.

Thereafter, Thompson presented to this court several letters complaining that his appointed counsel had failed to raise the issue of the restitution fine's validity. He pointed out that the California Supreme Court is currently considering whether a trial court must consider a defendant's ability to pay before imposing such a fine. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.) We deemed Thompson's October 16, 2020 letter to be a supplemental brief, and therefore consider his contentions. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278.)

The trial court's order is nonappealable. Generally, once a judgment is rendered and execution of the defendant's sentence has begun, the trial court lacks jurisdiction to vacate or modify the sentence. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) "If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be

3

dismissed. [Citations.]" (*People v. Torres*, at p. 1084; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

Even if the order were appealable, Thompson's claim has been forfeited. Thompson implicitly acknowledges that he failed to object or request an ability-to-pay hearing when the trial court imposed the fine. When he was sentenced, the minimum restitution fine under section 1202.4 was $200. (See former § 1202.4, subd. (b)(1), Stats. 2000, ch. 198, § 4.) Then, as now, subdivisions (c) and (d) of section 1202.4 provided that inability to pay could be considered when the court imposed a fine above the minimum. Thompson thus had a statutory right to an ability-to-pay determination at sentencing and an objection would not have been futile. By failing to object, he forfeited the claim. (See, e.g., *People v. Miracle* (2018) 6 Cal.5th 318, 356; *People v. Gamache* (2010) 48 Cal.4th 347, 409.) Moreover, Thompson did not challenge the restitution fine in his direct appeal, which waived the issue. (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1145.)

Nor is Thompson's sentence unauthorized, as he suggested in his motion below. The unauthorized sentence exception is " 'narrow' " and applies only where the sentence " 'could not lawfully be imposed under any circumstance in the particular case.' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1130; *People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Jordan, supra*, 21 Cal.App.5th at p. 1145.) *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), held that due process requires that a trial court stay execution of a section 1202.4 restitution fine unless and until the People demonstrate a defendant has the ability to pay it. (*Dueñas*, at pp. 1171–1172.) *Dueñas* does not hold that a restitution fine can never be imposed, only that the defendant's

4

ability to pay must appear as a predicate.  (*Id.* at p. 1172.)  Thus, the fine was not an unauthorized sentence.  (See *People v. Avila* (2009) 46 Cal.4th 680, 729.)

We are satisfied that Thompson's attorney has fulfilled his responsibilities and conclude the appeal raises no arguable issues.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

5