Filed 4/12/18 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>KIM E. JORDAN,<br><br>      Defendant and Appellant. | C084592<br><br>(Super. Ct. No. 15F00424)<br><br>ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 15, 2018, be modified as follows:

On page 10, delete the first two full paragraphs and insert the following in its place:

This case does not fall within that exception because the trial court was authorized to impose penalty assessments on both the drug program and the criminal laboratory analysis fees. (*People v. Sierra* (1995) 37 Cal.App.4th 1690, 1695 [drug program fee is

1

punitive and subject to penalty assessments]; *People v. Sharret* (2011) 191 Cal.App.4th 859, 869 [laboratory analysis fee is punitive and subject to penalty assessments].)

There is no change in the judgment.

BY THE COURT:


/s/
Robie, Acting P. J.


/s/
Duarte, J.


/s/
Hoch, J.

Filed 3/15/18 (unmodified version)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C084592 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F00424) |
| v. | |
| KIM E. JORDAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Michael G. Bowman, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

This is defendant's second appeal after he pled no contest to two drug offenses.  In his first appeal, he challenged the trial court's denial of his suppression motion.  (See

1

*People v. Jordan* (July 12, 2017, C083182) [nonpub. opn.].)  In this appeal, he challenges the trial court's imposition of penalty assessments on the criminal laboratory analysis fee and the drug program fee.  Because defendant failed to raise these claims in his original appeal, he has waived the right to raise them now.  Accordingly, we affirm the trial court's order denying his motion to correct sentence.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2016, defendant pled no contest to unlawful possession of a controlled substance for sale and unlawful transportation of a controlled substance for sale.  In October 2016, the trial court suspended imposition of sentence and placed him on probation for five years with various terms and conditions.  The court also imposed various fines and fees, including a criminal laboratory analysis fee plus penalty assessments, and a drug program fee plus penalty assessments.  At sentencing, defendant did not object to the imposition of these fees or the penalty assessments attached to them.  Defendant filed his original appeal from this entry of judgment.

In February 2017, defendant admitted to violating the terms of his probation by testing positive for methamphetamine on two occasions.  The trial court revoked and reinstated probation on the same terms and conditions but added a 90-day county jail term with a recommendation to the sheriff's work project program.

On March 20, 2017, defendant filed his opening brief in his original appeal.  His sole contention was the trial court erred in denying his suppression motion.  (See *People v. Jordan*, *supra*, C083182.)

On March 23, 2017, defendant filed a motion to correct sentence in the trial court pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954 (*Fares*) and Penal Code[1] section 1237.2.  Relying on *People v. Watts* (2016) 2 Cal.App.5th 223 (*Watts*), he

---

[1]	All further section references are to the Penal Code unless otherwise indicated.

2

requested the court strike the penalty assessment imposed on the criminal laboratory analysis fee as unauthorized. After the trial court denied his motion, defendant filed the instant notice of appeal on May 3, 2017. At that time, his original appeal was still pending in this court.

In July 2017, we issued an opinion disposing of defendant's first appeal. We affirmed the judgment after concluding the trial court did not err in denying defendant's motion to suppress. (See *People v. Jordan*, *supra*, C083182.)

DISCUSSION

The People initially contend we must dismiss defendant's appeal for lack of jurisdiction. We disagree because defendant appealed the denial of his motion to correct sentence, which is an appealable order.

On March 23, 2017, defendant filed a letter pursuant to *Fares*, alleging the court made a mistake of law by imposing penalty assessments on the criminal laboratory analysis fee. A *Fares* letter serves to request the court correct minor errors in the sentence. (*Fares*, *supra*, 16 Cal.App.4th at pp. 957-958.) "There is no time limitation upon the right to make the motion to correct the sentence. . . . The court's power to correct its judgment includes corrections required not only by errors of fact (as in the mathematical calculation) but also by errors of law." (*Id.* at p. 958.) The denial of a motion to correct sentence is an appealable order because it is a postjudgment order affecting a defendant's substantial rights. (See § 1237, subd. (b); *Fares*, *supra*, 16 Cal.App.4th at p. 957-959 [if the defendant is unable to obtain relief in the trial court, the postjudgment order denying modification of the sentence is an appealable order]; see also *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 ["[A] postjudgment order 'affecting the substantial rights of the party' [citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto"].)

Defendant's motion to correct sentence was denied on April 24 and he filed a notice of appeal from that denial on May 3, 2017 -- within the 60 days proscribed by law.

3

(Cal. Rules of Court, rule 8.104.) Thus, we have jurisdiction to hear defendant's instant appeal; however, we decline to do so because defendant failed to raise his penalty assessment claims in his original appeal, failing to comply with section 1237.2 and resulting in waiver of those claims.

Section 1237.2 requires a defendant to first file a motion for correction in the trial court before appealing "the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs." This section, however, applies only to cases where the issues of "fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (§ 1237.2) Thus, when a defendant raises at least one other issue on appeal, he or she need not first file a motion in the trial court to correct the imposition or calculation of penalty assessments or fines. Instead, he or she can include those claims with the other contentions raised in the appeal.

In the opening brief in his original appeal, defendant challenged the denial of his suppression motion, an issue that could have accompanied his penalty assessment claims. (See *People v. Jordan*, *supra*, C083182.) Thus, under section 1237.2, defendant could have brought these issues together in his original appeal. Instead, defendant went back to the trial court to request correction of his penalty assessments. Now he appeals from the denial of that request and raises the same claims he could have raised alongside his suppression challenge in his original appeal. (See § 1237.2.) Because defendant did not raise the penalty assessment claims in his original appeal, we conclude he cannot raise them now. To fully explain our conclusion, it is necessary to review the history of section 1237.2 and the related statutory provision of section 1237.1.

In *Fares*, the defendant sought to correct the presentence custody credits the trial court awarded to him through the appellate process. The appellate court was "disturbed that this attempt at a minor correction of a sentence error has required the formal appellate process." (*Fares*, *supra*, 16 Cal.App.4th at p. 957.) After wondering whether "there [was] a better way of going about this sort of corrective jurisprudence than by

4

including it in a formal appeal, especially when it is the *only* ground of appeal[,]" the court determined that "[t]here is!" (*Id.* at p. 958.) "The most expeditious and, we contend, the appropriate method of correction of errors of this kind is to move for correction in the trial court." (*Ibid.*) In response to *Fares*, the Legislature enacted section 1237.1, requiring a defendant first request correction of his or her conduct credit award from the trial court before resorting to the appellate process. (*People v. Acosta* (1996) 48 Cal.App.4th 411, 422 (*Acosta*).)

After the enactment of section 1237.1, the court in *Acosta* narrowly construed the language of section 1237.1 to conform to legislative intent and held the statute does not bar a conduct credit claim raised for the first time on appeal if the appeal also raised other issues. (*Acosta*, *supra*, 48 Cal.App.4th at pp. 426-427.) The court examined legislative intent to resolve an ambiguity it read in the statute. It concluded that the legislative intent was to "promote judicial economy by avoiding the utilization of the formal appellate process for a minor ministerial act." (*Id.* at pp. 422-423.) Based on the legislative history and on *Fares*, the *Acosta* court concluded that the Legislature intended only to bar an appeal that raised an issue related solely to the miscalculation of credits, which resulted in the "utilization of the formal appellate process for a minor ministerial act." (*Acosta*, at p. 423.)

"When the only issue to be raised on appeal involves a matter such as presentence credits, the Legislature's determination that the issue should first be presented in the trial court makes sound economic sense" because the expenditure of public funds on preparation of an appellate record and appointment of appellate counsel may be avoided. (*Acosta*, *supra*, 48 Cal.App.4th at pp. 426-427.) "However, when there are other issues which are to be litigated on appeal, the economic good sense . . . no longer exists." (*Id.* at p. 426.) "[I]f there are other appellate issues such as occurred in the present case, requiring a motion be made in the trial court in order to raise the question on appeal no longer is an economical expenditure of public moneys. Virtually all counsel on appeal

5

are appointed by the court and their fees and costs are funded by the taxpayers. If there is a ministerial error in the calculation of credits as alluded to in *Fares*, it does not take the taxpayer-funded appointed appellate counsel long to insert that argument in an opening brief along with other contentions. Moreover, it is more cost efficient to have all of the contentions presented in one forum and brief." (*Id*. at p. 427.) Thus, *Acosta* held that a conduct credit issue may be raised on appeal, without first presenting the issue to the trial court, when the conduct credit issue is accompanied by other issues. (*Id*. at pp. 427-428.)

With this in mind, we now turn to section 1237.2, which took effect January 1, 2016. Section 1237.2, reads nearly identical to section 1237.1, but pertains to penalty assessments and fines, and also includes explicit language codifying the holding of *Acosta*. (See § 1237.2 ["This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal"].) Thus, the legislative intent of preserving judicial resources and avoiding appellate review of ministerial acts underpinning section 1237.1, also underpins section 1237.2.

Given this history, we conclude that failure to raise a penalty assessment claim in an appellate brief, which also includes at least one other claim, serves to waive that claim for the purposes of future appeals. Section 1237.2 and the legislative history behind it, mandate that a defendant timely raise his penalty assessment claims to conserve judicial resources and efficiently present claims in a single forum. (*Acosta*, *supra*, 48 Cal.App.4th at p. 427.) This means that defendant must either file a motion to correct sentence with the trial court when the sole issue he or she seeks to challenge is one proscribed in section 1237.2, or file an appellate brief including this issue when a defendant seeks to challenge issues in addition to the issues proscribed in section 1237.2. Pursuing an appeal, while also pursuing a motion to correct sentence, accomplishes the opposite goal the Legislature was trying to accomplish by enacting sections 1237.1 and 1237.2.

6

The doctrine of waiver further supports this point.  Waiver precludes successive appeals based on issues ripe for consideration in the prior appeal and not brought in that proceeding.  (*People v. Rosas* (2010) 191 Cal.App.4th 107, 116; *People v. Senior* (1995) 33 Cal.App.4th 531, 538 (*Senior*).)  In *Senior*, the defendant raised sentencing issues relating to two counts in a multi-count information in two previous appeals.  On both appeals, the appellate court found the claims meritorious and remanded for resentencing.  On his third appeal, the defendant raised for the first time issues related to three other counts in the original information, challenging the lower court's application of section 667.6, subdivision (d) to sentence him consecutively on these counts.  (*Senior*, *supra*, 33 Cal.App.4th at pp. 533-534.)  This time, the appellate panel held the doctrine of waiver barred the "belated claim of error on the ground that defendant had the opportunity to raise this issue in two prior appeals, but failed to do so." (*Id*. at p. 534.)

The *Senior* court explained "that the California rule barring a direct attack upon a conviction after a limited remand is a corollary of the more expansive rule recognized under federal law requiring all available arguments to be raised in the initial appeal from the judgment." (*Senior*, *supra*, 33 Cal.App.4th at p. 535.)  Similar rules are "recognized and applied in various state jurisdictions." (*Id*. at p. 536.)  Also, California law prohibits a defendant from raising contentions in a piecemeal fashion by successive proceedings.  When a defendant had an opportunity to challenge his or her sentence in an earlier appeal and failed to do so, he or she may not belatedly raise the same issue in a later appeal or a collateral attack on the judgment, absent good cause. (*Id*. at pp. 537-538.)  These prohibitions are "justified by various policy considerations, including the state's 'powerful interest in the finality of its judgments' [citation], the protection of 'scarce judicial resources' [citation], and the recognition that 'piecemeal litigation prevents the positive values of deterrence, certainty, and public confidence from attaching to the judgment.' " (*Id*. at p. 538.)

The *Senior* court determined that the policy considerations supporting the waiver rule applied to the facts before it and held "that where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*Senior*, *supra*, 33 Cal.App.4th at p. 538.)  This waiver rule applies even if the earlier appeal resulted in a remand for resentencing, provided the defect that the defendant is challenging in the subsequent appeal was also present in the original sentence.  However, the court cautioned that this "decision should be narrowly applied only in cases where, as here, (1) the issue was ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay." (*Ibid*.)

Defendant argues his penalty assessment claims were not ripe during his original appeal because he was required to first request the trial court strike the assessments pursuant to section 1237.2.  Not so.  Section 1237.2 only applies to "cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs *are the sole issue on appeal*." (Italics added.)  As described, defendant's penalty assessment challenges would not have been the sole issue in the original appeal.  Thus, the issue was ripe at the time defendant filed his original appeal.

Defendant does not contend, nor can he, that there has been a significant change in the facts or law underlying his penalty assessment claims.  The only factual change the court made when reinstating probation was the addition of a 90-day county jail term; the imposed fines and penalty assessments remained the same.  The law underlying defendant's claim remained unchanged as well.  Defendant's entire argument that his penalty assessments were erroneously imposed rests on *Watts*,[2] which was issued in

---

[2]     *Watts*, *supra*, 2 Cal.App.5th at page 237, held that the criminal laboratory analysis fee is a fee on which penalty assessments cannot be imposed.  This court disagreed with

8

August 2016. Defendant filed his original notice of appeal on October 7, 2016, and did not file his opening brief until March 20, 2017. Defendant was aware of *Watts* and its holding when he filed his opening brief in his original appeal because he simultaneously returned to the trial court to request it strike the penalty assessments pursuant to that authority.

Neither does defendant provide a justification for failing to raise his penalty assessment challenges in his original appeal. The record clearly establishes that defendant was aware of these issues and wanted them remedied at the time his original appeal was filed and during the time it was pending. Instead of including the claims in his original appeal, defendant expended scarce judicial resources by filing a motion in the trial court and then appealing the denial of that motion. Instead of appealing the denial of the motion, defendant could have properly presented his claims to this court by either requesting leave to file a supplemental brief in his original appeal (Cal. Rules of Court, rule 8.200(a)(4)) or by moving to consolidate his instant appeal with his original (Cal. Rules of Court, rule 8.54). Defendant did neither. The state's interests in finality of judgments and protection of judicial resources prohibit this type of piecemeal litigation. (See *Senior*, *supra*, 33 Cal.App.4th at pp. 537-538.)

Defendant argues he did not waive his penalty assessment claims by failing to raise them in his original appeal because they constitute unauthorized sentences, which we have the power to correct at any time. An " 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to

that holding in *People v. Moore* (2017) 12 Cal.App.5th 558, 569-570, review granted September 13, 2017, S243387, where we held that the criminal laboratory analysis fee is a fine subject to penalty assessments.

9

intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*Ibid.*)

This case does not fall within that exception. The unauthorized sentence exception excuses forfeiture when a party fails to preserve a claim of error in the trial court. (*People v. Scott*, *supra*, 9 Cal.4th at pp. 348, 351.) Here, defendant's failure to object in the trial court to a purportedly unauthorized sentence would have been excused and we would have reached the merits of his claims had he brought them with his suppression claim in his original appeal. Defendant's failure to comply with section 1237.2, however, waived these claims for purposes of a future appeal.

Defendant's citations to *People v. Dotson* (1997) 16 Cal.4th 547 and *People v. Serrato* (1973) 9 Cal.3d 753, do not persuade us otherwise. In *Dotson*, our Supreme Court reached the merits of a sentencing claim despite the appealing party's failure to object in the trial court. (*Dotson*, at p. 554, fn. 6.) In *Serrato*, our Supreme Court stated in dicta that it had authority to correct a sentence unauthorized by law. (*Serrato*, at p. 763.) In both cases, however, the parties' claims were properly presented as part of an initial appeal. (*Dotson*, at p. 551; *Serrato*, at p. 756.)

Thus, defendant waived his penalty assessment claims because he failed to comply with section 1237.2 and raise them in his original appeal with the claims he presented there.

DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Hoch, J.

10