Filed 9/30/20  P. v. Neumann CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074905 |
| v. | (Super.Ct.No. CR23472) |
| BRIAN JEFFERY NEUMANN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Brian Jeffery Neumann, in pro. per., and Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Brian Jeffery Neumann, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the trial court denied. After defendant filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant contends that he is entitled to section 1170.95 relief because, although he was the actual killer, he did not commit premediated murder. We affirm.

## I. PROCEDURAL BACKGROUND

On October 3, 1985, defendant pled guilty to first degree murder (§ 187, count 1), two counts of residential robbery (§ 211, counts 2 & 5), two counts of first degree burglary (§ 459, counts 3 & 6), and attempted first degree murder (§§ 664, 187, subd. (a), count 4). Defendant additionally admitted allegations that he personally used a deadly weapon in his commission of the counts 1, 2, 3, 5, and 6 offenses and that he personally inflicted great bodily injury in his commission of the count 4 offense. The trial court sentenced defendant to 13 years of imprisonment, plus life without the possibility of parole.

On August 13, 2019, defendant filed a petition for resentencing pursuant to section 1170.95 but did not check the box adjacent to the statement reading, "I was not the actual killer." In defendant's petition, he recites the factual background of the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

offenses for which he was convicted: "In 1984, I committed a horrible crime; I entered a house owned by my victim looking for money to fund my growing drug addiction. I was caught by the homeowner and during the struggle killed her."

On September 25, 2019, the People filed a response contending section 1170.95 was unconstitutional. On the same day, defense counsel filed a reply contending defendant had made a prima facie case for relief and requesting a hearing to determine whether to vacate defendant's murder conviction.

At the hearing on February 21, 2020, the People moved to dismiss the petition: "It's a single defendant case. It was a [section] 187 plea to murder, a couple robberies, a couple burglaries, [and] an attempt[ed] murder." "The robbery/murder special circumstance was admitted. There was a personal knife use admitted. And . . . there was actually a [section] 995 motion filed by the defense that acknowledges that the defendant confessed to the killing." Defense counsel objected for the record. The trial court denied the petition.

## II. DISCUSSION

Defendant contends that section 1170.95 applies to cases in which a defendant was the actual killer but did not premeditate the killing. Thus, defendant contends there was no evidence he premeditated the murder, and the trial court erred in denying his petition. We disagree.

"Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with

3

the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life.'" (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410 [Where the jury implicitly found that the defendant was the "actual killer" the defendant is not eligible for section 1170.95 relief.]; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 896 [same], review granted Aug. 12, 2020, S263219.) Since defendant admits, and the record reflects, that he was the actual killer, he is not entitled to section 1170.95 relief.

Defendant misconstrues the language of the statute to mean that an actual killer who did not intend to kill may also have his conviction vacated. However, section 1170.95 only grants relief to those individuals who were not the actual killers; in other words, those individuals who were convicted of felony murder or aided and abetted a murder but did not intend to kill and did not act as a major participant with reckless indifference for human life. (*People v. Cornelius*, *supra*, 44 Cal.App.5th at p. 57; *People v. Tarkington*, *supra*, 49 Cal.App.5th at p. 896.) Since defendant was the actual killer, he is not entitled to section 1170.95 relief.

Defendant also contends his trial counsel rendered ineffective assistance in failing to seek suppression of his confession before defendant entered his plea. First, defendant forfeited this issue by failing to raise it in his petition. (See *People v. Romero and Self* (2015) 62 Cal.4th 1, 23-25 [Failure to raise an issue below forfeits the issue on appeal.].) Second, "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538; accord,

4

*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143.)  Finally, section 1170.95 provides only a narrow avenue of relief for those convicted of felony murder or murder under the natural and probable consequences theory.  (§ 1170.95, subd. (a).)  It does not permit a collateral attack on all issues that should have been raised on appeal from the judgment.  Here, defendant could and should have raised this issue in an appeal from the original judgment.  The trial court properly denied defendant's petition.

## III.  DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1170.95 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:


RAMIREZ
            P. J.


SLOUGH
            J.

5