Filed 1/29/21  P. v. Rivera CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B306080 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA284089 |
| JOSE RIVERA, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Mark Hanasono, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## BACKGROUND

In 2013 a jury convicted defendant and appellant Jose Rivera of the first degree murder of Leon Felipe. The jury found true an allegation that Rivera personally and intentionally discharged a firearm causing Felipe's death within the meaning of Penal Code section 12022.53, subdivision (d).[1] After the jury convicted Rivera, he apparently replaced his court-appointed trial counsel with retained counsel. The trial court sentenced Rivera to 50 years to life in the state prison. The court ordered Rivera to pay a restitution fine of $10,000 under section 1202.4, subdivision (b). Neither Rivera nor the lawyer he had retained objected to the restitution fine.

We affirmed Rivera's conviction in February 2015. (*People v. Rivera* (Feb. 27, 2015, B250039) [nonpub. opn.] (*Rivera I*).)[2]

After Senate Bill No. 1437 (SB 1437) took effect, Rivera filed, on March 24, 2020, a petition for resentencing under section 1170.95. On a downloadable form, Rivera checked boxes 1, 2a, 3, 4, 5, and the sub-boxes under box 5. Box 2a states, "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine." The first sub-box under box 5 states, "I was not the actual killer."

On April 16, 2020, the trial court summarily denied Rivera's petition in a written order. Citing *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598, and *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted Mar. 18, 2020, S260493, the trial court noted a court considering a petition under section 1170.95 "may consider the record of

---

[1]     References to statutes are to the Penal Code.

[2]     On our own motion, we take judicial notice of our opinion in Rivera's direct appeal from the judgment of conviction. (Evid. Code, §§ 452, subd. (d), 459.)

conviction, including prior appellate opinions." The court stated the court of appeal opinion showed Rivera "personally shot and killed Leon Felipe." The court also noted the jury instructions in the court file

> "do not include any form of accomplice liability, including aiding and abetting and the natural and probable consequences doctrine. The trial court instructed on deliberation and premeditation as the sole theory of first degree murder. The jury found Petitioner guilty of first degree murder with the personal and intentional discharge of a firearm causing death."

The court concluded, "[b]ased on the facts and the jury findings, Petitioner was the actual killer in this case." Accordingly, the court ruled, he had "failed to make a prima facie showing of eligibility for resentencing under section 1170.95."

In the meantime, in early April 2020, Rivera mailed to the superior court a document entitled "Motion for the Disposition of Restitution." The motion appears to be a fill-in-the-blanks form. The motion contends there is "an apparent dispute between two statutes": section 1202.4, subdivision (a), and "Government Code Section 13967(a)." Rivera apparently is unaware that former Government Code section 13967 was repealed in 2003. (Stats. 2003, ch. 230, § 2.)

On May 1, 2020, the trial court denied Rivera's motion. The minute order states, "[A]t the time of sentencing, defendant did not object to the trial court's imposition of the restitution fine or request consideration of his ability to pay, as required by Penal Code section 1202.4, subdivision (c). Consequently, defendant forfeited any objection that the court failed to consider his ability to pay. (*People v. Taylor* (2019) 43 Cal.App.5th 390, 399-400.)"

3

Rivera filed notices of appeal from the April 16 order denying his resentencing petition and the May 1 order denying his "Motion for the Disposition of Restitution." We appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues and asking this court to "follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496." Counsel notified Rivera that she had filed a *Serrano* brief and that Rivera could file a supplemental brief. On November 12, 2020, Rivera filed a supplemental brief. Rivera's brief discusses the restitution issue but not the resentencing issue. Because Rivera filed a supplemental brief, we follow the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) rather than those in *Serrano*.

## DISCUSSION

### 1.  *Resentencing petition*

SB 1437 " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer . . . .' " (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, quoting Stats. 2018, ch. 1015, § 1, subd. (f); see Pen. Code, § 189, subd. (e)(1).) Here, however, Rivera *was* the actual killer.

As we discussed in our opinion affirming Rivera's conviction, one afternoon in May 2005, Rivera shot Felipe, who then fell. Rivera took a step forward and fired again. Felipe's brother witnessed the shooting. Neighbors heard gunshots and then saw Rivera running away. Felipe "died from multiple gunshot wounds." (*Rivera I.*)

As Felipe's actual killer, Rivera is not eligible for resentencing under section 1170.95. (See §§ 189, subd. (e)(1), 190.2, subd. (b); *People v. Tarkington* (2020) 49 Cal.App.5th 892, 895-896, 899 [as actual killer, petitioner is not entitled

4

to resentencing], review granted Aug. 12, 2020, S263219; *People v. Gallo* (2020) 57 Cal.App.5th 594; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58 [jury's true finding on firearm allegation constitutes implicit finding that petitioner was the actual killer and thus "indisputably ineligible for relief"], review granted Mar. 18, 2020, S260410; cf. *People v. Edwards* (2020) 48 Cal.App.5th 666, 669, 671, 674 [affirming summary denial of resentencing petition where petitioner was the actual killer and was not tried or convicted based on felony murder theory or aiding and abetting under the natural and probable consequences doctrine], review granted July 8, 2020, S262481.)  Nothing in the record supports Rivera's allegation that he was convicted under the felony murder rule or the natural and probable consequences doctrine.

## 2.    *Restitution motion*

Rivera's supplemental brief contends we should remand the case to the trial court for it to determine Rivera's ability to pay the restitution fine.  Rivera cites *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  *Dueñas* held due process requires a trial court to conduct an ability-to-pay hearing and ascertain a defendant's ability to pay before executing a restitution fine under section 1202.4  (*Dueñas*, at p. 1164.)

We agree with other courts that have concluded *Dueñas* was wrongly decided.  (See *People v. Hicks* (2019) 40 Cal.App.5th 320, 327-329, review granted Nov. 26, 2019, S258946; *People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Petri* (2020) 45 Cal.App.5th 82, 90-92; *People v. Adams* (2020) 44 Cal.App.5th 828, 831; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-280; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060, 1067-1069 (*Aviles*).)  Our Supreme Court is currently considering whether a trial court must consider a defendant's ability to pay before imposing or executing fines or fees and, if so, which party bears

the burden of proof.  (*People v. Kopp*, review granted Nov. 13, 2019, S257844.)  Pending further guidance from our Supreme Court, we agree with *Hicks* and these other cases.

Moreover, Rivera forfeited any challenge to the restitution fine.  Section 1202.4, subdivision (c)—in effect when Rivera was sentenced—provides inability to pay can be considered if the restitution fine exceeds the minimum.  (§ 1202.4, subd. (c).)  Because the $10,000 fine imposed was well above the minimum, Rivera had a statutory right to an ability-to-pay determination at sentencing.  Thus, although Rivera was sentenced before *Dueñas* was decided, an objection to the $10,000 fine would not have been futile at the time.  When the trial court imposed the fine, Rivera did not object, assert he was indigent, or request an ability-to-pay determination.  By failing to do so, he forfeited the claim.  (See, e.g., *People v. Miracle* (2018) 6 Cal.5th 318, 356; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409; *People v. Avila* (2009) 46 Cal.4th 680, 729; *People v. Smith* (2020) 46 Cal.App.5th 375, 394-395; *Aviles, supra*, 39 Cal.App.5th at pp. 1073-1074; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033.)  Rivera's failure to raise the issue in his direct appeal also waived it. (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1145.)

We are satisfied that Rivera's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

We affirm the trial court's denials of Jose Rivera's
(1) petition for resentencing under Penal Code section 1170.95
and (2) "Motion for Disposition of Restitution."

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                              EGERTON, J.

We concur:



        EDMON, P. J.



        DHANIDINA, J.