Filed 3/3/21  P. v. Johnson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| THE PEOPLE, | B304482 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. KA118186, KA120125) |
| v. | |
| ROBERT LEE JOHNSON, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Dismissed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Following a plea agreement, defendant Robert Lee Johnson was convicted of two drug possession charges. He appealed that judgment, and also filed a petition for writ of mandate seeking an order compelling the trial court to issue a certificate of probable cause. (See Pen. Code, § 1237.5.[1]) In his writ petition, defendant asserted that the trial court should be compelled to issue a certificate of probable cause relating to defendant's motion to withdraw his no contest plea.

While that appeal and writ petition were pending before this court, defendant filed a motion in the trial court challenging the court's imposition of certain fines and fees at the time of sentencing. The trial court denied the motion, and defendant filed a separate notice of appeal challenging that ruling, giving rise to the instant case. After briefing was complete in this case, defendant dismissed his original appeal.

The Attorney General asserts that the trial court lost jurisdiction to hear defendant's motion; therefore, the court's order denying defendant's challenge to the fines and fees is not appealable and the appeal should be dismissed. We agree. After a defendant has filed a notice of appeal from a judgment, section 1237.2 provides that the trial court retains jurisdiction to hear a motion challenging the imposition of fines and fees "only . . . in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs [is] the sole issue on appeal." When a pending appeal encompasses other challenges to the judgment, the defendant is required to address the allegedly erroneous imposition of fines and fees in the

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

2

pending appeal. Here, defendant had a pending appeal challenging other aspects of the judgment. Therefore, the trial court did not retain jurisdiction under the exception in section 1237.2 Accordingly, the trial court did not have jurisdiction to hear defendant's motion, the ruling is not appealable, and we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

As discussed in our previous opinion, *Johnson v. Superior Court of Los Angeles County* (June 4, 2020, B303566 [nonpub. opn.]), in two cases that were adjudicated together, defendant pled no contest to one count of unauthorized possession of drugs or alcoholic beverages in jail (§ 4573.8), and one count of possession of cocaine base for sale (Health & Saf. Code, § 11351.5). Defendant later moved to withdraw his plea. The trial court denied defendant's motion to withdraw his plea on April 11, 2019. The same day, the court sentenced defendant to a total of four years, eight months in the two cases, and imposed various fines and fees, including two restitution fines of $300 each (§ 1202.4, subd. (b)); two court operations assessments of $40 each (§ 1465.8, subd. (a)(1)); and two criminal conviction assessment fees of $30 each (Gov. Code, § 70373).

Defendant filed a notice of appeal on May 1, 2019, which was assigned case number B297920 (original appeal). The trial court denied defendant's request for a certificate of probable cause.

On December 13, 2019, defendant, acting through his appointed appellate counsel, filed a "motion to vacate court operations assessment, conviction assessment, restitution fines, and lab fee pursuant to *People v. Dueñas*" (*Dueñas* motion).[2]

_____

[2]See *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

3

Defendant stated that the motion was "filed pursuant to Penal Code section 1237.2." In the motion, defendant asked the court to vacate the fines and fees imposed during sentencing, or stay the imposition of any such fines and fees until the court conducted a hearing regarding defendant's ability to pay. The motion was accompanied by a declaration from defendant's former counsel stating that he had been aware of the ruling in *Dueñas* at the time of defendant's sentencing in April 2019, but "I forgot to object to the imposition of these fines and fees, and I did not request a hearing on [defendant's] ability to pay them."

The court denied the motion the same day, stating in a minute order, "Said motion is denied. There is no substantial right the defendant is attempting to enforce. The defendant's sentence is pursuant to an agreed upon disposition between the defendant and the People." Defendant filed a notice of appeal on January 31, 2020, which was assigned case number B304482. That is the instant appeal.

Meanwhile, on January 13, 2020, defendant, through his appellate counsel, filed a petition for writ of mandate in this court challenging the trial court's denial of defendant's request for a certificate of probable cause relating to his original appeal. The writ petition was assigned a new appellate case number, B303566. Defendant argued that the trial court erred in failing to issue a certificate of probable cause because his counsel in the trial court had a known conflict of interest and provided ineffective assistance on several issues, including failing to investigate the validity of defendant's alleged priors and failing to move to suppress evidence. On June 4, 2020, this court issued a peremptory writ directing the trial court to issue a certificate of

4

probable cause.  (See *Johnson v. Superior Court of Los Angeles County, supra,* B303566.)

On June 8, 2020, defendant filed an opening brief in this case, B304482.  The sole error alleged on appeal is that the court erred in denying defendant's *Dueñas* motion without holding a hearing to determine defendant's ability to pay the fines and fees.  On August 4, 2020, the Attorney General filed a respondent's brief.  Unaware that defendant had separately appealed his judgment of conviction, the Attorney General argued in part that the trial court lacked jurisdiction to consider defendant's motion because defendant's case had become final and he had not challenged that judgment on appeal.  On August 21, 2020, defendant filed his reply brief along with a request for judicial notice of the file in his original appeal. Defendant argued that the Attorney General's argument lacked merit because defendant's original appeal "has not concluded."  We granted defendant's request to judicially notice the file in defendant's original appeal.

No briefing had been filed in defendant's original appeal. On September 15, 2020, defendant in propria persona filed a letter with the court requesting that his original appeal be dismissed.  Accordingly, this court dismissed appeal number B297920 on September 23, 2020.

We requested supplemental briefing from the parties to address the issues in light of the dismissal of defendant's original appeal.  Specifically, we asked the parties to address whether defendant's *Dueñas* motion was appropriately filed in the trial court while his original appeal was pending, and whether the trial court's ruling on that motion was appealable. Defendant submitted a supplemental brief, the Attorney General submitted

5

a responding supplemental brief, and defendant submitted a supplemental reply.

## DISCUSSION

In supplemental briefing, the Attorney General asserts that "the superior court's December 13, 2019 order denying [defendant's *Dueñas*] motion was not appealable given the trial court did not have jurisdiction to hear the motion." The Attorney General also contends that because defendant failed to challenge the ruling on the *Dueñas* motion in his original appeal, defendant has waived any challenge to it. Defendant argues that the *Dueñas* motion "was appropriately filed" and resulted in an appealable order. We find that defendant's *Dueñas* motion was procedurally improper, the trial court did not have jurisdiction to consider it, and defendant has waived any challenge to the imposition of fines and fees.

"As a general rule, 'an appeal from an order [or judgment] in a criminal case removes the subject matter of that order [or judgment] from the jurisdiction of the trial court.'" (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 37 (*Jenkins*).) Thus, "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).) "If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*Id.* at p. 1084.)

Section 1237.2 provides an exception to this general jurisdictional rule. (*Jenkins, supra*, 40 Cal.App.5th at p. 37.) Section 1237.2 states in full:

6

"An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

The final sentence of the statute makes clear that its jurisdictional exception applies only when the imposition of fines or fees is "the sole issue on appeal." "Thus, before an appeal may 'be taken,' a defendant must first seek relief in the trial court for any error in the imposition or calculation of fines, assessments, and fees, provided that issue is the *only* one being appealed." (*Jenkins, supra*, 40 Cal.App.5th at pp. 37-38; see also *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1141 (*Jordan*) [the exception in section 1237.2 "applies only to cases where the issues of 'fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal'"].) "Conversely, if issues *other than* the imposition or calculation of such fines, assessments, and fees are being appealed, . . . the limited exception provided by section 1237.2 . . . no longer applies." (*Jenkins, supra*, 40 Cal.App.5th at p. 38.) "In this situation, a defendant must seek relief in the Court of Appeal for any issue regarding the imposition or calculation of fines,

7

assessments, and fees . . . . The Court of Appeal then decides *all* the issues of the case, preventing piecemeal litigation in separate forums." (*Ibid*.)

The Third District considered the impact of section 1237.2 in *Jordan, supra*, 21 Cal.App.5th 1136. There, judgment was entered in October 2016. The court imposed various fines and fees as part of the sentence; the defendant did not object. The defendant then appealed the judgment. (*Id*. at p. 1139.) On March 20, 2017, the defendant filed an opening brief in his original appeal; his sole contention was the trial court erred in denying a motion to suppress evidence. (*Ibid*.) Three days later, the defendant filed a motion with the trial court challenging the imposition of certain fines and fees. (*Id*. at p. 1140.) The trial court denied the defendant's motion on April 24, and the defendant filed a notice of appeal from that denial on May 3, 2017. (*Ibid*.)

Addressing the defendant's appeal from his post-judgment motion, the Court of Appeal found that the defendant "failed to raise his penalty assessment claims in his original appeal, failing to comply with section 1237.2 and resulting in waiver of those claims." (*Jordan, supra*, 21 Cal.App.5th at p. 1140.) The court explained, "[U]nder section 1237.2, defendant could have brought these issues together in his original appeal. Instead, defendant went back to the trial court to request correction of his penalty assessments. Now he appeals from the denial of that request and raises the same claims he could have raised alongside his suppression challenge in his original appeal. (See § 1237.2.) Because defendant did not raise the penalty assessment claims in his original appeal, we conclude he cannot raise them now." (*Id*. at p. 1141.)

8

The *Jordan* court discussed "the history of section 1237.2 and the related statutory provision of section 1237.1." (*Jordan, supra,* 21 Cal.App.5th at p. 1141.) It stated, "Section 1237.2 and the legislative history behind it[ ] mandate that a defendant timely raise his penalty assessment claims to conserve judicial resources and efficiently present claims in a single forum. [Citation.] This means that a defendant must either file a motion to correct sentence with the trial court when the sole issue he or she seeks to challenge is one proscribed [*sic*] in section 1237.2, or file an appellate brief including this issue when a defendant seeks to challenge issues in addition to the issues proscribed in section 1237.2. Pursuing an appeal, while also pursuing a motion to correct sentence, accomplishes the opposite goal the Legislature was trying to accomplish by enacting sections 1237.1 and 1237.2." (*Id*. at pp. 1142-1143.) The court held that the defendant "waived his penalty assessment claims because he failed to comply with section 1237.2 and raise them in his original appeal with the claims he presented there." (*Id*. at p. 1145.) The court affirmed the trial court's ruling. (*Ibid*.)

The Fourth District, Division One reached a similar conclusion the following year in *Jenkins, supra*, 40 Cal.App.5th 30. There, a jury convicted the defendant of assault and battery; the defendant appealed. "After the People filed their respondent's brief, defendant moved in the *trial court* to vacate various fines, assessments, and fees imposed at sentencing. . . ." (*Id*. at p. 33.) The defendant provided the Court of Appeal "a courtesy copy of the motion to vacate when he filed his reply brief." (*Ibid*.)

The Court of Appeal concluded that "the trial court lacked jurisdiction under section 1237.2 to rule on defendant's motion to

9

vacate because . . . defendant's appeal raises issues other than the imposition of fines, assessments, and fees." (*Jenkins, supra*, 40 Cal.App.5th at pp. 33-34.)  The court noted that the language of section 1237.2 provides that "a defendant must first seek relief in the trial court for any error in the imposition or calculation of fines, assessments, and fees, provided that issue is the *only* one being appealed." (*Id*. at pp. 37-38.)  After discussing the legislative history of section 1237.2, the court stated, "[T]he limited exception provided by section 1237.2 did not apply in this case because defendant's appeal is not limited to an error in the imposition or calculation of fines, assessments, and fees.  As such, we further conclude defendant was required to submit that issue to this court for resolution, to be decided along with the others he raised on appeal." (*Id*. at p. 39.)  However, the Court of Appeal granted the defendant's alternative request to consider the issue in the first instance on appeal.  (*Ibid*.)

Our colleagues in Division One of this court considered the impact of section 1237.2 in *Torres, supra*, 44 Cal.App.5th 1081.  There, the defendant appealed from the judgment following his conviction.  The judgment was affirmed, and a remittitur was issued in January 2017.  (*Id*. at p. 1084.)  In November 2018, the defendant "filed a motion in the superior court for modification of the restitution fine on the ground that the court imposed the fine without determining whether he had the ability to pay it."  (*Ibid*.)  The trial court denied the motion, and the defendant appealed.

The Court of Appeal held that the trial court lacked jurisdiction to consider the defendant's motion, so the order denying the motion was nonappealable.  The court stated that section 1237.2, "which was enacted to allow trial courts to correct errors in fines and assessments notwithstanding a pending direct

appeal, does not apply after the defendant's direct appeal has concluded." (*Torres, supra*, 44 Cal.App.5th at p. 1083.) The court discussed the legislative history of section 1237.2, noting that a "primary impetus for section 1237.2 was judicial economy." (*Id.* at p. 1086.) The court stated that the legislative history "reveals that a primary purpose of section 1237.2 is to encourage and facilitate the prompt and efficient resolution in the trial court of challenges to fines, assessments, and fees that would otherwise be asserted on direct appeal; and the statute's second sentence furthers that purpose by giving trial courts the power to resolve such challenges notwithstanding the pending appeal. That purpose is not served by extending the trial court's jurisdiction to motions made after the conclusion of the direct appeal." (*Id.* at p. 1087.) The court therefore found that the trial court did not have jurisdiction to consider the defendant's motion, and dismissed the appeal.

Here, the Attorney General asserts that under section 1237.2, *Jordan*, and *Jenkins*, defendant was not entitled to file a *Dueñas* motion in the trial court while his original appeal on other issues was pending. The following timeline is relevant in assessing this contention:

On May 1, 2019, defendant filed his notice of appeal in his original appeal.

On July 24, 2019, defendant requested that the appellate record be supplemented with documents relating to his request to withdraw his plea.

On October 3, 2019, defendant's counsel requested a 30-day extension to file the opening brief in defendant's original appeal, stating, "[B]efore I can file an opening brief in this court, I must

11

first request some action in the superior court." No further explanation was provided. We granted the request.

On November 4, 2019, defendant's counsel again requested a 30-day extension of time, stating, "Before I file an opening brief, I must file a motion in superior court." Counsel did not explain what motion she intended to file. She noted that she sent the motion to the court, but it was returned to her. We granted the request.

On December 3, 2019, defendant's counsel requested another 30-day extension to file the opening brief in the original appeal, explaining that "the motion" had still not been filed, but she had mailed it to the court again. We granted the request.

On December 13, 2019, defendant's *Dueñas* motion—which was signed in October 2019—was filed; the court denied it the same day.

On January 3, 2020, defendant's counsel requested another 30-day extension of time in the original appeal, stating that she needed additional time to consult with personnel at the California Appellate Project and to prepare the opening brief. We granted the request.

On January 13, 2020, defendant filed the petition for writ of mandate. Defendant asserted that the trial court erred in failing to issue a certificate of probable cause relating to defendant's original appeal because defendant's motion to withdraw his plea presented issues that were not clearly frivolous or vexatious. As noted above, this court granted that petition.

On January 31, 2020, defendant filed a notice of appeal regarding the court's denial of the *Dueñas* motion, initiating the instant case.

12

As this timeline makes clear, the original appeal was already pending when defendant filed his *Dueñas* motion. One month later, defendant filed his petition for writ of mandate, which focused on his motion to withdraw his plea. Unless defendant's request to supplement the record and his petition for writ of mandate were frivolous, the revocation of fines and fees was not "the sole issue on appeal" (§ 1237.2) at the time defendant filed his *Dueñas* motion.

These circumstances are nearly identical to those in *Jenkins* and *Jordan*, in which the defendants filed motions challenging the imposition of fines and fees while their appeals challenging other issues from their underlying judgments were pending. In each of those cases, the courts held that such a practice was impermissible. We reach the same conclusion here: The jurisdictional exception in section 1237.2 did not apply, because defendant had a pending appeal on other issues when he filed his *Dueñas* motion.

Defendant asserts that basing the propriety of a motion to challenge fines and fees on the perceived scope of an appeal does not make sense. He points out, "It is not uncommon for appellants to believe they have claims on appeal. Many times, appellate counsel will deem these issues meritless. Simply because a criminal defendant or his attorney believed he had other issues at the time the notice of appeal is filed does not make it so, and there is no requirement that the notice of appeal states the issues to be presented. It would be an extremely unfair requirement since very often, it is unknown whether there are meritorious issues until the record has been prepared and reviewed by appellate counsel."

13

Although the strategy for an appeal can change after a notice of appeal has been filed, we do not find the requirements of section 1237.2 to be unfair or onerous.  After a defendant has filed a notice of appeal, the defendant and his or her counsel must determine the scope of the issues to be addressed on appeal.  If issues other than the imposition of fines and fees will be addressed on appeal, section 1237.2 does not apply.  If the defendant and his or her counsel determine that the sole appealable issue is the imposition of fines and fees, the defendant and counsel then must determine if that issue has been preserved for appeal under section 1237.2.  If the defendant "present[ed] the claim in the trial court at the time of sentencing" (§ 1237.2), no further action is needed in the trial court.  If "the error [was] not discovered until after sentencing," the defendant and counsel may then comply with section 1237.2 by "mak[ing] a motion for correction in the trial court."  (*Ibid*.)  We do not find this process to be unduly burdensome or impractical.  To the contrary, this approach serves section 1237.2's "legislative intent of preserving judicial resources."  (*Jordan, supra*, 21 Cal.App.5th at p. 1142.)

Defendant also asserts that the waiver found in *Jenkins* and *Jordan* should not apply here, because he did not file an opening brief omitting the *Dueñas* issue in his original appeal, as the defendants did in *Jenkins* and *Jordan*.  However, defendant's abandonment of his original appeal does not warrant a different outcome.  As the court stated in *Jordan*, "The record clearly establishes that defendant was aware of these issues [regarding the imposition of fines and fees] and wanted them remedied at the time his original appeal was filed and during the time it was pending.  Instead of including the claims in his original appeal, defendant expended scarce judicial resources by filing a motion in

14

the trial court and then appealing the denial of that motion. Instead of appealing the denial of the motion, defendant could have properly presented his claims to this court by either requesting leave to file a supplemental brief in his original appeal (Cal. Rules of Court, rule 8.200(a)(4)) or by moving to consolidate his instant appeal with his original appeal (Cal. Rules of Court, rule 8.54). Defendant did neither. The state's interests in finality of judgments and protection of judicial resources prohibit this type of piecemeal litigation." (*Jordan, supra*, 21 Cal.App.5th at pp. 1144-1145.) The same is true here. Rather than filing a second appeal, defendant could have simply addressed the imposition of fines and fees in his original appeal.

Defendant also argues that because his original appeal has been abandoned, the imposition of fines and fees *is* the sole issue on appeal, and therefore he has met the requirements of section 1237.2. He asserts that his pursuit of other issues in his first appeal and his writ petition is irrelevant, because "[t]he certificate of probable cause [requested in the writ petition] *would have* permitted him to raise certain issues on appeal if counsel deemed them to be arguable. Those issues were never raised, and in fact the appeal was abandoned."

We disagree. Defendant filed the original appeal requiring the preparation of an appellate record; he sought and received extensions of time in that appeal based on his apparent intention to file a *Dueñas* motion; and he filed a writ petition that resulted in a written opinion from this court. He then filed a second appeal, which required preparation of a record, full briefing, and, upon request from the court, a round of supplemental briefing due to the confusion caused by the multiple appeals. At the conclusion of this lengthy process, defendant has asked us to

15

address the singular issue of whether the trial court erred in imposing certain fines and fees at sentencing. A "primary impetus for section 1237.2 was judicial economy." (*Torres, supra*, 44 Cal.App.5th at p. 1086.) Judicial economy was clearly not well served here.

The jurisdictional exception in section 1237.2 did not apply at the time defendant filed his *Dueñas* motion. "If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*Torres, supra,* 44 Cal.App.5th at p. 1084.) We therefore dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

MANELLA, P. J.

CURREY, J.

16