Filed 12/28/23  P. v. Lai CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE, | C096993 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2019-0016316) |
| v. | |
| ADRIAN LAI, | |
| Defendant and Appellant. | |

On November 9, 2021, this court upheld defendant Adrian Lai's conviction for three counts of felony stalking and denied defendant's challenge to the trial court's order requiring him to register as a sex offender for life because the statutory scheme tiering the required length of sex offender registration had not yet taken effect. (*People v. Lai* (Nov. 9, 2021, C091679) [nonpub. opn.] (*Lai I*).) Rather, we concluded the Department

1

of Justice (DOJ) would place defendant in an appropriate tiered category pursuant to Penal Code section 290, subdivision (d)(5) after the law went into effect.[1]

Defendant petitioned the California Supreme Court for review, and on January 19, 2022, the matter was transferred back to us with directions to vacate the prior decision and reconsider the matter in light of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill No. 567). We did so and issued a new opinion affirming our original analysis concerning defendant's convictions and sex offender registration. However, we remanded the matter for resentencing in light of the changes Senate Bill No. 567 made to the trial court's authority to select an appropriate triad term. (*People v. Lai* (April 7, 2022, C091679) [nonpub. opn.] (*Lai II*).)

Defendant appeals the judgment entered on remand. However, rather than challenge the trial court's reimposition of an upper term sentence, he brings a multifaceted challenge to the trial court's failure to revisit the requirement that he register as a sex offender, including how long such registration should continue. For the reasons we shall explain, we affirm.

BACKGROUND

We need not recount the facts underlying defendant's convictions for stalking, as they are described in detail in this court's opinion in *Lai II, supra*, C091679, and are unnecessary to the disposition of this appeal. It is enough to note defendant stalked three women unknown to him by repeatedly approaching them despite their requests to be left alone, inquiring whether they were single, sometimes asking them out, sometimes following them in his car, and staring, which caused each woman distress and fear.

Following defendant's original appeal, this court's remittitur directed the trial court to "resentence defendant under . . . section 1170 as amended by Senate Bill

---

[1] Undesignated statutory references are to the Penal Code.

2

No. 567." (*Lai II, supra*, C091679.)  In accordance with this direction, on September 12, 2022, the trial court held resentencing proceedings to determine whether defendant should still be sentenced to an upper term.  It does not appear the parties submitted any briefing on remand, and neither party argued at that hearing the remittitur required a different or expanded inquiry.

Consistent with the trial court's understanding of the remittitur, the People presented certified records that defendant had been previously convicted of misdemeanor stalking (§ 646.9) and possession of a concealed firearm (§ 25400, subd. (a)(2)), which the People argued could be used to aggravate defendant's sentence.  The trial court agreed, electing to leave defendant's upper term sentence intact in light of his prior convictions.  Defendant did not request the trial court revisit its previous section 290.006 determination, but did ask for the return of his cellular telephone.  In fact, the record reveals no discussion of defendant's sex offender registration requirement whatsoever on remand.  Defendant timely appealed.

DISCUSSION

Defendant does not challenge the trial court's compliance with the amendments of Senate Bill No. 567 at his resentencing on remand; rather, he attacks the trial court's failure to revisit the requirement that he register as a sex offender.  Specifically, defendant faults the trial court for failing to exercise informed discretion in its registration determination, to consider new information in making that determination, and to orally pronounce the registration determination.  Defendant further argues insufficient evidence supports both the requirement that he register as a sex offender in the first instance and the trial court's implied findings required to uphold a determination that he register for life under the amended statute.  Recognizing his failure to object at the resentencing proceeding could forfeit these issues, defendant asserts his counsel was ineffective for not raising them, he did not have a meaningful opportunity to object, and

3

we should accept his objection to the lifetime registration requirement at his original sentencing as sufficient to preserve the issue in this appeal.

The People counter that defendant forfeited these issues by not objecting at resentencing, is precluded from challenging the trial court's determination to subject him to sex offender registration for failure to bring that claim in his original appeal, and that any challenge to defendant's lifetime registration requirement is moot. In support of the last point, the People have moved for judicial notice of a declaration of a DOJ employee, which states that on June 9, 2022, that employee designated defendant as a Tier 1 offender. The People have also requested judicial notice of a September 21, 2023, DOJ letter advising defendant of that status.

We conclude the propriety of the trial court's previous section 290.006 determination is not before us, as defendant did not ask the trial court to revisit that determination, and therefore, he has forfeited his arguments that the trial court should have done so. (See, e.g., *People v. Scott* (2015) 61 Cal.4th 363, 406 [" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial' "].) Moreover, defendant had an adequate opportunity to request this relief if he believed he was entitled to it[2] (*Scott*, at p. 406), and defendant has not established his objections at his original sentencing preserved an argument he failed to make at his resentencing hearing.

---

**2**      Defendant's suggestion he was prevented from raising this issue because the trial court did not give him notice of its intended ruling, ignores that the court did not make a new section 290.006 determination. Moreover, nothing in the record suggests defendant was prevented from requesting the court reconsider its prior determination. On the contrary, defendant litigated the return of his cellular telephone at this hearing, thus demonstrating he was able to raise extraneous issues without objection from the court or the People.

Nor has defendant established his counsel was ineffective for failing to request the trial court revisit the registration requirement. (*People v. Mickel* (2016) 2 Cal.5th 181, 198.) We defer to counsel's reasonable tactical decisions (*ibid*.), and it would have been reasonable for counsel to rely on the statutory scheme under which the DOJ would determine defendant's appropriate tier as referenced in our previous appellate decisions. (*Lai I, supra*, C091679; *Lai II, supra*, C091679.)

In point of fact, the DOJ redesignated defendant as a Tier 1 offender months prior to the resentencing hearing and notified defendant of that determination after he filed his opening brief in this appeal. We grant the People's request for judicial notice that the DOJ made this determination on June 9, 2022, and transmitted a letter documenting that determination to defendant on September 21, 2023. (Evid. Code, §§ 452, subd. (c), 459; *People v. Osorio* (2015) 235 Cal.App.4th 1408, 1411 [judicially noticing discharge from parole paperwork], disapproved on other grounds in *People v. DeLeon* (2017) 3 Cal.5th 640, 646.) However, this does not end the inquiry. Judicial notice cannot be used to establish the truth of the facts underlying these acts, to wit that defendant is a Tier 1 offender. (See, e.g., *In re K.M.* (2015) 242 Cal.App.4th 450, 456 ["judicial notice may be taken of the *existence* of court documents but not the truth of factual findings made in other court rulings"]; *Shaeffer v. State* (1970) 3 Cal.App.3d 348, 354 [judicially noticing commission report, but recognizing limitation that such notice does not include the truth of the report's contents].) Nonetheless, in exceptional circumstances, we may take the extraordinary step of considering extra record evidence to establish defendant's appellate arguments are moot. (See Cal. Rules of Court, rule 8.252(c); *In re K.M.*, at pp. 455-457 [extra record evidence may be offered to establish appeal's mootness]; *People v. Osorio*, at p. 1411 [same].) We do so and conclude that even if defendant's arguments were not forfeited, all but one of them have been mooted by the DOJ Tier 1 designation determination.

As to that remaining argument, we concur with the People that defendant may not revisit the propriety of the trial court's original determination that he must register as a sex offender in this successive appeal. (See, e.g., *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143-1144 [waiver precludes raising defect in sentence following remand if that defect was present in the original sentence and not challenged in the original appeal].) Having failed to raise that issue in his previous appeal (*Lai II, supra*, C091679), he may not do so now. (*Jordan*, at p. 1143 ["When a defendant had an opportunity to challenge his or her sentence in an earlier appeal and failed to do so, he or she may not belatedly raise the same issue in a later appeal or a collateral attack on the judgment, absent good cause"].)[3] Given the procedural stance of this determination, defendant's reliance on *People v. Butler* (2003) 31 Cal.4th 1119 is inapt, as that case recognizes the ability to challenge the sufficiency of the evidence supporting a court order on appeal without objecting in the trial court. (*Id.* at pp. 1126-1128.) It does not alter the well-established rule against challenging prior trial court determinations in successive appeals. (*Jordan*, at pp. 1143-1144.)

---

[3] Defendant has not established any of the reasons for not applying this rule, to wit: (1) that the issue was not ripe in the original appeal; (2) that there was a significant change in facts or law; or (3) that there was a justifiable reason for the delay. (*People v. Jordan, supra*, 21 Cal.App.5th at p. 1144.) The standard for determining whether defendant should register as a sex offender in the first instance has not changed. (Compare § 290.006, subd. (a) with former § 290.006, subd. (a) [both requiring the trial court to determine if defendant "committed the offense as a result of sexual compulsion or for purposes of sexual gratification" in order to require registration for offense not designated by § 290].)

## DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, P. J.

We concur:


_____/s/_____
ROBIE, J.


_____/s/_____
BOULWARE EURIE, J.