Filed 11/18/21  P. v. Molina CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br><br>ERIK ORLANDO MOLINA,<br><br>        Defendant and Appellant. | B310561<br><br>(Los Angeles County<br>Super. Ct. No. BA369149) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Erik Molina filed a post-judgment motion in the trial court seeking to vacate the restitution fines imposed, asserting that the court failed to consider his ability to pay them. The trial court denied appellant's motion, and he timely appealed. His court-appointed counsel filed an opening brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Appellant filed a supplemental brief. Following *Serrano*, *supra*, 211 Cal.App.4th at p. 503, we consider only the issues raised by appellant in his supplemental brief. We conclude that appellant has not established reversible error and therefore affirm.

## BACKGROUND

In 2013, a jury convicted appellant of one count of second degree murder (Pen. Code, § 187, subd. (a), count one)[1] and one count of manslaughter (§ 192, subd. (a), count two). The jury acquitted appellant of a third count of attempted murder (§§ 664, 187, subd. (a), count three). The jury found true the allegations that appellant personally and intentionally discharged a firearm which proximately caused great bodily injury and death (§ 12022.5, subd. (d), count one), and that he committed the manslaughter to benefit a gang (§ 186.22, subd. (b)(1)(c), count two). The court also found appellant had suffered one prior serious or violent "strike" conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)–(i)) that also qualified as a prior serious felony conviction (§ 667, subd. (a)(1). On November 13, 2013, the court sentenced appellant to a prison term of 60 years to life plus 20

---

[1.] All further statutory references are to the Penal Code unless otherwise indicated.

years as follows: 15 years to life on count one, doubled for the prior strike, plus 25 years to life for the firearm enhancement, plus a five-year enhancement for the prior serious felony conviction pursuant to section 667, subdivision (a)(1); and the upper term of 11 years on count two, doubled for the prior strike, to run consecutively to count one. The court also imposed $80 in court security assessments (§ 1465.8, subd. (a)(1), $60 in criminal convictions assessments (Gov. Code § 70373), a $280 restitution fine (§1202.4, subd. (b)), a $280 parole restitution fine (§ 1202.45, stayed), and $17,700.74 in victim restitution, plus ten percent interest from the day of sentencing (§ 1202.4, subd. (f)). We affirmed the judgment in our prior unpublished decision, *People v. Molina* (Aug. 17, 2015, B253056) [nonpub.opn.].

In December 2020, appellant filed a petition for writ of habeas corpus and a motion for modification of his sentence.[2] In both his petition and motion, appellant challenged the imposition of the restitution fine and victim restitution. As relevant here, he argued that this restitution should be reversed because he was indigent and the court failed to consider his ability to pay. The trial court denied appellant's petition. The court found his claim "clearly untimely and wholly lacking in merit," rejecting appellant's reliance on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) as a "much criticized opinion and not persuasive authority." Appellant appealed.

---

[2] It appears from the limited record before us that appellant filed his habeas petition and motion for modification together, and the court and parties treated them as a single filing.

Appellant's appointed counsel filed a brief raising no issues and invoking *Serrano, supra,* 211 Cal.App.4th 496. Under *Serrano,* when appointed counsel raises no issue in an appeal from a post-judgment proceeding following a first appeal as of right, an appellate court need not independently review the record and may dismiss the appeal if the appellant fails to file a supplemental brief. (*Serrano, supra*, 211 Cal.App.4th at pp. 498, 503.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. Appellant filed a supplemental letter brief in response.

## DISCUSSION

In his supplemental letter brief, appellant argues that the court erroneously imposed a restitution fine and victim restitution without assessing his ability to pay, citing *Dueñas, supra,* 30 Cal.App.5th 1157. We disagree.

"*Dueñas* held that it violates due process under the federal and state Constitutions to impose . . . court operations and facilities fees without first determining the convicted defendant's ability to pay them. [Citation.] In addition, 'to avoid serious constitutional questions' raised by the statutory restitution scheme, [*Dueñas* held that] the [trial] court must stay execution of the mandatory restitution fine unless the court determines that the defendant has the ability to pay it." (*People v. Taylor* (2019) 43 Cal.App.5th 390, 397 (*Taylor*).)[3]

---

[3.] "Since *Dueñas*, some courts have criticized *Dueñas's* due process analysis and have declined to follow it. . . . [¶] The California Supreme Court will resolve the split in authority, having granted review of the issues presented by *Dueñas* in [*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov.

Here, the trial court imposed a $280 restitution fine (at the time the statutory minimum) pursuant to section 1202.4, subdivision (b).  Assuming the court erred, the error was harmless beyond a reasonable doubt.  (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1075, citing *Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Johnson* (2019) 35 Cal.App.5th 134, 139–140.)  Even under *Dueñas*, fines and fees are properly imposed if the defendant has the ability to pay them.

"""Ability to pay does not necessarily require existing employment or cash on hand."  [Citation.]  "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's present ability but may consider a defendant's ability to pay in the future."  [Citation.]  This include[s] the defendant's ability to obtain prison wages.'"  (*People v. Aviles, supra,* 39 Cal.App.5th at p. 1076.)  We can infer that appellant has the ability to pay the fines and fees imposed upon him from his probable future wages, including his prison wages.  (*Ibid*.)  "Prison wages range from $12 to $56 per month, depending on the prisoner's skill level. [Citations.]"  (*Ibid*.)  The state is permitted to garnish a portion of those wages, as well as trust account deposits, to satisfy the restitution fine.  (*Ibid*.; see § 2085.5, subd. (a).)  Appellant is serving a sentence of 60 years to life plus 20 years in prison, which will give him ample time to earn sufficient funds to pay the $280 restitution fine.  Any

13, 2019, S257844].  The [Supreme] [C]ourt will decide whether courts must 'consider a defendant's ability to pay before imposing or executing fines, fees, and assessments,' and if so, 'which party bears the burden of proof regarding defendant's inability to pay.'"  (*Taylor, supra*, 43 Cal.App.5th at p. 398.)

error in the court's failure to provide him an ability-to-pay hearing accordingly is harmless.

We also reject appellant's attempt to apply *Dueñas* to the court's imposition of $ 17,700.74 in victim restitution pursuant to section 1202.4, subdivision (f).  Section 1202.4 expressly states that the court may not consider a defendant's ability to pay in determining the amount of restitution to be paid to victims pursuant to subdivision (f).  (§ 1202.4, subd. (g) ["A defendant's inability to pay shall not be a consideration in determining the amount of a restitution order."].)  The *Dueñas* court expressly declined to address direct victim compensation imposed under section 1202.4, subdivision (f). (*Dueñas, supra*, 30 Cal.App.5th at p. 1169 ["Payment of direct victim restitution goes directly to victims and compensates them for economic losses they have suffered because of the defendant's crime."].)  Appellant cites no case that extends the reasoning in *Dueñas* to victim restitution payments under section 1202.4, subdivision (f).  We agree with our sister courts that these payments are "fundamentally different" than the fines and assessments at issue in *Dueñas,* and therefore find the case inapplicable to the amount imposed under section 1202.4, subdivision (f). (*People v. Evans* (2019) 39 Cal.App.5th 771, 776-777 ["the purposes of the assessments and fine considered in *Dueñas* are different from the primary purpose of victim restitution"]; see also *People v. Abrahamian* (2020) 45 Cal.App.5th 314, 338; *People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 859.)

Appellant also contends that the victim restitution amount constitutes cruel and unusual punishment, arguing that he would not be able to earn enough in prison to pay even the 10 percent interest imposed.  Appellant failed to raise this argument in his

6

first appeal and has not shown that he was unable to do so. Thus, he has forfeited his right to raise this issue now. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 538 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"]; see also *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1145 ["The state's interests in finality of judgments and protection of judicial resources prohibit this type of piecemeal litigation."].)

Lastly, appellant argues that his court fees, costs, and fines "are suppose[d] to be vacated" based on the recent passage of Assembly Bill 1869. Assembly Bill 1869 amended the Penal Code by adding the following section: "1465.9. (a) On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, § 62, italics added.) Appellant has not identified any costs, fines, or fees imposed on him that are covered under this section.

In sum, appellant fails to raise any arguable contention that the superior court erred in denying him relief. (See *People v. Hertz* (1980) 103 Cal.App.3d 770, 780 [appellant has affirmative duty to show error].)

7

## DISPOSITION

The superior court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



COLLINS, J.


We concur:


WILLHITE, ACTING P.J.


CURREY, J.