Filed 3/25/24  P. v. Thomas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM THOMAS,<br><br>    Defendant and Appellant. | C099379<br><br>(Super. Ct. No. 18FE009080) |

Defendant William Thomas filed a petition for resentencing on his murder conviction under Penal Code section 1172.6.[1]  The trial court denied the petition, finding defendant failed to make a prima facie showing for relief.

---

[1]  Statutory section citations that follow are to the Penal Code unless otherwise stated. Defendant originally filed his petition in May 2022 under former section 1170.95, which was renumbered to section 1172.6 without substantive change effective June 30, 2022.

1

Defendant appealed the order denying him postconviction relief, and, although this is not his first appeal as of right, defendant's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant. Defendant filed a supplemental brief raising issues generally unrelated to the trial court's denial of his resentencing petition. Having considered defendant's supplemental brief in accordance with *Delgadillo*, we shall affirm.

FACTS AND HISTORY OF THE PROCEEDINGS

In 2020, a jury found defendant guilty of first degree murder and arson. He was sentenced to 50 years to life in state prison, and the trial court imposed a $10,000 restitution fine under section 1202.4, subdivision (b). (*People v. Thomas* (Oct. 10, 2022, C091728) [nonpub. opn.] (*Thomas*).) Defendant appealed, and this court affirmed the judgment. (*Ibid.*)

In May 2022, defendant filed a section 1172.6 petition for resentencing declaring that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed on a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, that he was convicted of murder following a trial, and that he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant requested the appointment of counsel.

The trial court appointed counsel and received briefing from the parties. The People opposed the petition, arguing defendant was not entitled to relief as a matter of law because at the time he was tried and convicted for murder the relevant statutes were

_____

(See Stats. 2022, ch. 58, § 10.) For clarity, we refer to section 1172.6 throughout the opinion.

2

already amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 2) (Senate Bill No. 1437), and, thus, the jury could not have convicted defendant on a now-invalid theory. They attached copies of this court's unpublished decision in *Thomas* (C091728) as well as the murder verdict form and the court's instructions to the jury during defendant's trial. In reply, defendant asserted he had made a sufficient prima facie showing for relief because the record of conviction did not conclusively negate an imputed malice theory of liability.

In July 2023, the trial court issued a tentative written ruling finding defendant was not eligible for relief because he was convicted after Senate Bill No. 1437 went into effect. At the prima facie hearing in August 2023, defense counsel conceded that defendant was tried as the sole killer and acknowledged that Senate Bill No. 1437 amended the murder statutes *before* defendant was tried, but he argued the court could not find as a matter of law that defendant was ineligible for relief because the concept of what constitutes an "actual killer" had since been refined. The prosecutor reiterated his argument that defendant's conviction postdated the changes Senate Bill No. 1437 made to the felony murder rule and that no aiding and abetting instructions were given at trial.

After considering the parties' arguments and the jury instructions, the trial court denied the petition, finding defendant failed to make a sufficient prima facie showing. The court reasoned that no instructions on aiding and abetting or the natural and probable consequences doctrine were given, and that under the instructions, the jury necessarily found beyond a reasonable doubt that defendant actually killed the victim under current law. Defendant timely appealed.

## DISCUSSION

The independent review procedures in *People v. Wende* (1979) 25 Cal.3d 436 are not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-

3

225.)  Where, as here, the defendant has been notified that his appeal may be dismissed pursuant to *Delgadillo* and he files a supplemental brief raising various issues he wants considered, we must evaluate the specific arguments presented in the defendant's supplemental brief, but we are not required to independently review the record, although we may exercise our discretion to do so.  (*Id.* at pp. 228-232.)

Applying *Delgadillo*, we turn to the issues in defendant's supplemental brief.  He raises several issues which could have been, but were not, raised in his prior direct appeal of the judgment.  Such issues are beyond the scope of the present appeal from the order denying his section 1172.6 resentencing petition, and we do not consider them.

Absent good cause or justification, a defendant may not raise an issue in a second appeal that could have been raised in the first appeal.  (*People v. Senior* (1995) 33 Cal.App.4th 531, 535, 538 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"].)  An issue not raised in a prior appeal is waived in a subsequent appeal where "(1) the issue was ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay."  (*Id.* at p. 538.)

Here, defendant's claim that the $10,000 restitution fine under section 1202.4 should be vacated because the victim did not write a will and her family did not ask for restitution, and his contentions that various jury instructions should not have been given, violated the presumption of innocence, deprived him of a unanimity finding or violated equal protection were all claims that could have been brought in *Thomas*, *supra*, C091728.  Defendant offers no explanation for failing to raise these claims in his direct appeal from the judgment and he cannot belatedly raise them now.  (*People v. Senior*, *supra*, 33 Cal.App.4th at p. 538; *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1141,

4

1144-1145 [concluding that because the defendant did not raise the penalty assessment claims in his original appeal, he could not raise them in a subsequent appeal].)

While defendant does not explicitly raise any issues challenging the trial court's denial of his section 1172.6 resentencing petition, we conclude the trial court did not err in denying the petition at the prima facie stage because defendant was tried and convicted in February 2020, over a year *after* Senate Bill No. 1437's amendments to section 188 and section 189 went into effect. The timing of defendant's trial and conviction show that the premise for relief in his petition—that he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019— was demonstrably invalid. (See e.g., *People v. Reyes* (2023) 97 Cal.App.5th 292, 277-278, 280 [defendant who was convicted after Senate Bill No. 1437 became effective not entitled to relief under section 1172.6 because the defendant was convicted under current law].) The record of conviction shows he was not convicted on a now-invalid theory because the law had already changed when he was tried.

To the extent defendant implies that the trial court erred in concluding the jury was not instructed on the natural and probable consequences doctrine given the "natural and probable consequences" language in CALCRIM No. 520 defining implied malice murder, such language does not transform defendant's conviction into one for murder under the natural and probable consequences doctrine within the meaning of section 1172.6. (See e.g., *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055-1059, review granted on other grounds Sept. 23, 2020, S263939, and held for *People v. Lewis* (2021) 11 Cal.5th 952, S263939; review dismissed Nov. 17, 2021, and opinion citable to the extent not inconsistent with *Lewis*.)

The trial court did not err in finding defendant failed to state a sufficient prima facie case under section 1172.6, subdivision (c).

DISPOSITION

The order denying the section 1172.6 resentencing petition is affirmed.

                                                _____

                                                HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

RENNER, J.