Filed 5/23/24  P. v. Thompson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRAVIS THOMPSON,<br><br>Defendant and Appellant. | C099709<br><br>(Super. Ct. No. 16FE010268) |

Defendant Travis Thompson appeals from a postjudgment order denying his motion for a hearing to reconsider his ability to pay a $10,000 restitution fine originally imposed when he was sentenced in 2017.  The trial court denied the motion on the grounds that it lacked jurisdiction to hear it because defendant had begun serving his sentence and his judgment was long final.  While this is not his first appeal as of right, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this

1

court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant. Counsel's *Wende* brief acknowledged that there may be a question regarding the appealability of the order defendant challenges.

Defendant filed a supplemental brief arguing that he had not been given an ability to pay hearing to determine whether he could pay the Penal Code section 1202.4 restitution fine in violation of due process. (Unless otherwise stated, statutory section citations that follow are to the Penal Code.) After considering the order's appealability, we conclude the trial court lacked jurisdiction to entertain defendant's motion and that defendant's appeal must be dismissed.

## FACTS AND HISTORY OF THE PROCEEDINGS

While defendant was incarcerated in 2016, correctional officers observed another inmate pass him an object that he appeared to place in his sock. A subsequent search of defendant's person revealed that defendant had a plastic object sharpened to a point in his sock. During the search, defendant physically assaulted a correctional officer, punching him several times before being subdued.

A jury found defendant guilty of battery on a nonconfined person (§ 4501.5, count one); and possession of an inmate manufactured weapon (§ 4502, count two). The jury found true the allegation that defendant was armed with a stabbing weapon during the battery offense (§§ 667, subd. (e)(20(C)(iii), 1170.12, subd. (C)(2)(C)(iii)), and the trial court found two prior strike allegations true (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)).

Defendant was sentenced to 25 years to life in prison for count one, to be served consecutively to any other sentence defendant was already serving; and a four-year term on count two was stayed (§ 654). The trial court imposed a $10,000 restitution fine (§ 1202.4) and an identical parole revocation restitution fine, which was suspended unless parole was revoked. (§ 1202.45.)

2

Defendant appealed, and his appointed appellate counsel filed a *Wende* brief raising no issues but asking this court to review the record to determine whether there were any arguable issues on appeal. (See *People v. Thompson* (Nov. 26, 2018, C084825) [nonpub. opn.].) Defendant filed a supplemental brief raising the following issues: (1) he was the victim of discriminatory prosecution, (2) there was a code of silence that violated his due process rights to present a defense, (3) he was improperly forced to represent himself after his *People v. Marsden* (1970) 2 Cal.3d 118 motion was denied, (4) the denial of a corrections expert witness violated his right to due process, and (5) a correctional officer committed perjury to avoid qualifying as an expert witness for the defense. (*Thompson, supra*, C084825.) We rejected defendant's appellate contentions and affirmed the judgment. (*Ibid.*)

Nearly five years later, in May 2023, defendant filed a "motion for restitution hearing for reconsideration of ability to pay and constitutionality of excessive fines," arguing that the trial court failed to consider his ability to pay the $10,000 restitution fine or to determine if it was excessive. In August 2023, the trial court denied the motion in a minute order, finding that it lacked jurisdiction to consider the motion because defendant's sentence had already commenced. In October 2023, defendant appealed without a certificate of probable cause.

## DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221; *Wende, supra*, 25 Cal.3d at p. 441.) The *Wende* procedure applies to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution. (*Wende*, at pp. 439, 441.)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-225, 231, fn. 5.) The *Delgadillo* court also prescribed guidance for considering an appeal from an order denying a section 1172.6 petition where counsel finds no arguable issues to be pursued on appeal. (*Delgadillo*, at p. 232.) When a defendant has been notified that his appeal of the postconviction order may be dismissed, the reviewing court must evaluate the specific arguments presented in any supplemental brief the defendant files, but the court is not compelled to independently review the record for error (although it may exercise its discretion to do so). (*Ibid.*)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6, which is not the type of postconviction order at issue here, the same principles may nonetheless apply given that this is not defendant's first appeal as of right. Defendant has filed a supplemental brief challenging the $10,000 restitution fine originally imposed under section 1202.4, and, as best we can discern, he contends the restitution fine violates due process because he was not afforded an ability to pay hearing. To support his argument, defendant cites various provisions of the California constitution and penal statutes that were all in effect when he was sentenced in May 2017.

Before applying *Delgadillo*'s guidance to consider the issue in defendant's supplemental brief, however, we first turn to whether the trial court had jurisdiction to consider defendant's motion challenging the restitution fine under section 1202.4. As the trial court noted, judgment was entered in May 2017 and defendant had already begun serving his sentence.

In *People v. Turrin* (2009) 176 Cal.App.4th 1200, this court held that a trial court lacked jurisdiction to consider a defendant's motion to modify a restitution fine once that defendant had begun serving his sentence. (*Turrin*, at pp. 1205-1209; see also *People v.*

4

*Howard* (1997) 16 Cal.4th 1081, 1089 ["generally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun"].) Because the trial court lacked jurisdiction to modify the restitution fine, the *Turrin* court found that the trial court's order denying the defendant's motion requesting the same did not affect the defendant's substantial rights and was not an appealable postjudgment order. (*Turrin*, at p. 1208.) The court therefore dismissed the appeal. (*Id.* at pp. 1208-1209.)

The same rationale applies here. Defendant's judgment, including the restitution fine, was long since final, having been affirmed on appeal in 2018. (*People v. Thompson, supra*, C084825.) The sentence, moreover, was executed immediately at the initial sentencing hearing and defendant was remanded into custody forthwith. Thus, he had already begun serving his sentence when he moved the trial court for relief from the $10,000 restitution fine.

When the trial court denied his motion in August 2023, it had no statutory authority to recall and modify defendant's sentence. At that time, section 1172.1 (formerly section 1170.03), which governs the recall of sentences, provided in relevant part: "[w]hen a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . the court may, . . . within 120 days of the date of commitment . . . on its own motion, . . . at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison . . . [or] the district attorney of the county in which the defendant was sentenced, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1); Stats. 2022, ch. 58, § 9.)

Effective January 1, 2024, section 1172.1 was amended to provide that the trial court may, on its own motion, within 120 days of the date of commitment *or at any time*

*if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law*, recall the sentence and commitment previously ordered and resentence the defendant in the same matter as if they had not previously been sentenced. (§ 1172.1, subd. (a)(1); Stats. 2023, ch. 795, § 1.5.)

More than 120 days had elapsed since defendant was committed, and nothing in the record shows the Board of Parole Hearings or the district attorney ever recommended that defendant's sentence be recalled. Even if the most recent version of section 1172.1 is applied—allowing the trial court to recall a sentence at any time on its own motion if the sentencing laws have changed—section 1202.4 governing restitution fines has not changed.

When defendant was sentenced in May 2017, section 1202.4, subdivision (b) provided (as it does now)[1] that "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." Under the statute, the minimum restitution fine is $300, and the maximum fine is $10,000. (§ 1202.4, subd. (b)(1).) While an inability to pay cannot be considered a compelling and extraordinary reason not to impose a restitution fine under section 1202.4, the statute expressly allows a trial court to consider a defendant's inability to pay when "increasing the amount of the restitution fine in excess of the [$300] minimum . . . ." (§ 1202.4, subd. (c).) Indeed, in setting the amount of the restitution fine above the minimum, the court must consider any relevant factors, including, but not limited to, the defendant's ability to pay, and the defendant bears the burden of demonstrating his inability to pay.

---

[1] The current statutory language of section 1202.4, subdivisions (b), (c), and (d), with minor exceptions not relevant here, is the same as it was when defendant was sentenced in May 2017. (Compare Stats. 2016, ch. 37, § 3 with Stats. 2021, ch. 257, § 20.) We cite to the current version of the statute for ease of reference.

(§ 1202.4, subd. (d).)  Thus, defendant, then as now, could have challenged the $10,000 based on inability to pay grounds.  Because no change in the law has occurred, even the current version of section 1172.1 does not provide any authority to recall defendant's sentence.

We also note that because defendant could have, but did not, challenge the $10,000 restitution fine in his prior direct appeal of the judgment (see *People v. Thompson, supra*, C084825), he may not do so in this second appeal.  (*People v. Senior* (1995) 33 Cal.App.4th 531, 538 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"]; *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1141, 1144-1145 [concluding that because the defendant did not raise the penalty assessment claims in his original appeal, he could not raise them in a subsequent appeal].)

Section 1237, subdivision (b) provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."  Since the trial court lacked jurisdiction to modify the restitution fine, its order denying defendant's motion requesting such relief could not affect his substantial rights and is not an appealable postjudgment order.  (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726.)  Dismissal of the appeal is therefore warranted.

DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P. J.


We concur:


_____
MAURO, J.


_____
WISEMAN, J.*


_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.