Filed 7/11/24  Galyardt v. Specialized Loan Servicing CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MICHELLE C. GALYARDT, | |
| Plaintiff and Respondent, | E080764 |
| v. | (Super.Ct.No. MCC1600152) |
| SPECIALIZED LOAN SERVICING, LLC et al., | ORDER MODIFYING OPINION |
| Defendants and Appellants. | [NO CHANGE IN JUDGMENT] |

The petition for rehearing filed by appellant on June 27, 2024, is denied.  The opinion filed in this matter on June 12, 2024, is modified as follows:

On page 6 and 7 of the opinion, the second and third paragraphs in "DISCUSSION" are deleted and replaced with the following paragraph:

Lenders rely on *People v. Jordan* (2018) 21 Cal.App.5th 1136.  That case provides, "Waiver precludes successive appeals based on issues ripe for consideration in the prior appeal and not brought in that proceeding."  (*Id.* at

1

p. 1143) "[T]he ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Vandermost v. Bowen* (2012) 53 Cal.4th 421, 452.)

On page 7 of the opinion the first paragraph that starts, "In the 2022 appeal" is deleted and replaced with the following:

In the 2022 appeal, if Lenders had wanted to raise the issue of the original offer being extinguished, then they could have done so. Lenders could have argued that the trial court erred by charging them an extra year of prejudgment interest because the operative offer was the final offer (made in 2018)—not the allegedly extinguished original offer (made in 2017). Thus, the issue was ripe at the time of the 2022 appeal. There was no need to wait until after our 2022 opinion was finalized. Because Lenders did not argue the issue within the 2022 appeal, we did not address it or include it in our 2022 disposition. (Govt. Code, § 68081 [court cannot decide unbriefed issues].) As a result, the issue was waived and the trial court lacked jurisdiction over the issue following the 2022 appeal. (*People v. Jordan*, *supra*, 21 Cal.App.5th at p. 1143.) The trial court did not err.

Lenders assert the interest issue was not ripe for review in the first appeal because our reversal of the punitive damages created a change in the case. Contrary to Lenders' position, the trial court's judgment has always

2

stated that interest is due from the date of the original offer. The change in punitive damages does not affect whether the original offer was extinguished by the final offer. By not raising the issue in the 2022 appeal, Lenders waived the issue. (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)

On page 8 of the opinion, the first full paragraph, which starts "Lenders assert that prejudgment" is deleted and replaced with the following:

Lenders assert that prejudgment interest fell within the bounds of the remittitur because " 'it is necessary for the trial court to determine the amount of the award.' " "[T]he rule requiring a trial court to follow the terms of the remittitur is jurisdictional in nature. [Citation.] The issues the trial court may address in the remand proceedings are therefore limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a particular determination, the trial court is not authorized to do so." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859-860.)

Punitive damages are included when determining if a plaintiff received a more favorable judgment than the section 998 offer; however, interest is not awarded on the punitive damage portion of the award. (*Lakin v. Watkins Associated Industries*, *supra*, 6 Cal.4th at p. 662, including fn. 13.) Our 2022 opinion only reversed the punitive damages. Thus, we disagree that the trial court needed to address the issue of prejudgment interest on

3

remand because the reversal of punitive damages did not require the recalculation of interest.

Except for these modifications, the opinion remains unchanged.  The modification does not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER
J.


We concur:


RAMIREZ
P. J.


CODRINGTON
J.

4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MICHELLE C. GALYARDT, | |
| Plaintiff and Respondent, | E080764 |
| v. | (Super.Ct.No. MCC1600152) |
| SPECIALIZED LOAN SERVICING, LLC ET AL., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Raquel A. Marquez, Judge.  Affirmed.

The Ryan Firm, Timothy M. Ryan, Andrew J. Mase and Katherine K. Meleski for Defendants and Appellants.

Louis White Law and Jamil L. White for Plaintiff and Respondent.

In 2016 plaintiff and respondent Michelle Galyardt (Homeowner) sued defendants and appellants Specialized Loan Servicing LLC (Servicer) and Residential Mortgage Solution, LLC (Bank) for fraud, breach of contract, negligence, and other

1

causes of action related to errors made in paperwork for the "Keep Your Home California's (KYC) Mortgage Reinstatement Assistance Program."  In 2019, a jury found in favor of Homeowner.  Homeowner was awarded damages of $918,232.31; punitive damages of $2,840,000; and prejudgment interest of 10 percent.

In 2022, this court reversed the punitive damages award.[1]  Upon returning to the trial court, Servicer and Bank (collectively, Lenders) moved the trial court to delete the award of prejudgment interest on the theory that our reversal of the punitive damage award caused the total judgment to be less than Homeowner's final pretrial settlement offer (Code Civ. Proc. § 998).  (Civ. Code, § 3291.)[2]  The trial court denied the motion.  Lenders contend the trial court erred by denying their motion.  We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

A.     <u>SETTLEMENT OFFERS</u>

On February 6, 2017, Homeowner offered to settle the case for $130,000 (the original offer).  (Code Civ. Proc., § 998.)  Lenders did not accept the original offer.  On June 20, 2018, Homeowner offered to settle the case for $1,000,000 (the final offer).  (Code Civ. Proc., § 998.)  Lenders did not accept the final offer, and trial commenced in July 2019.

---

[1] *Galyardt v. Specialized Loan Servicing LLC* (May 18, 2022, E074731) [nonpub. opn.] [2022 WL 1561545].

[2] All further statutory references will be to the Civil Code unless otherwise indicated.

B.     2019 JUDGMENT

The 2019 judgment reads, in relevant part, "Furthermore it is ordered, adjudged and decreed that [Homeowner] have and recover from [Lenders] prejudgment interest at the rate of ten percent (10%) per annum under Civil Code § 3291 from the date of [Homeowner's] first offer pursuant to Code of Civil Procedure § 998 on February 6, 2017, which is exceeded by the judgment, until paid."[3]

C.     2022 APPEAL

On May 18, 2022, we filed our opinion in the 2022 appeal.  The disposition reads, "The punitive damages awards of $2,160,000 against [Servicer] and $680,000 against [Bank] are reversed.  In all other respects, the judgment is affirmed.  The parties are to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3).)"

---

[3] Civil Code section 3291 provides, "In any action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the tort of any . . . corporation . . . or partnership, whether by negligence or by willful intent of the . . . corporation . . . or partnership, and whether the injury was fatal or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section.

"If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

Lenders have not argued in this court that section 3291 is inapplicable due to Homeowner failing to prove what aspect, if any, of her damages was caused by a personal injury.  (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 660-661)

3

D.     MOTION FOR AN AMENDED JUDGMENT

In July 2022, in the trial court, Lenders moved for an amended judgment contending that Homeowner's final offer was $1,000,000 (Code Civ. Proc., § 998), and her total damages were reduced to $918,232.31, so Homeowner was no longer entitled to prejudgement interest due to the $918,232.31 award being less than the final offer. (§ 3291.)

E.     OPPOSITION

In opposing the motion, Homeowner contended, "[F]or the purpose of prejudgment interest . . . [Homeowner's original] offer is operative." Homeowner asserted the final award of $918,232.31 exceeded her original offer of $130,000, so she was entitled to prejudgment interest calculated at 10 percent starting in February 2017. Further, Homeowner faulted Lenders for not seeking reversal of the prejudgment interest in the 2022 appeal.

F.     TENTATIVE

In a tentative ruling, the trial court planned to remove punitive damages from the judgment but retain the prejudgment interest. The trial court reasoned that the 2019 judgment required prejudgment interest be paid " 'from the date of [Homeowner's original] offer . . . on February 6, 2017," so the trial court "already ruled that prejudgment interest . . . runs from the 'date of [Homeowner's original] offer.' "

The trial court asserted that the portion of the judgment providing that the prejudgment interest "accrual date start[ed] 'from [Homeowner's original] offer' " was ripe for appeal in 2022. Moreover, the trial court asserted that this court affirmed the

4

prejudgment interest accrual date in the 2022 appeal by ruling that the 2019 judgment was affirmed in all respects other than the reversal of punitive damages. As a result, the trial court concluded that it lacked "jurisdiction to review or modify the Judgment" as it pertained to prejudgment interest.

## G. HEARING

At the hearing on the motion, the trial court asked, "Was this at all argued in the Court of Appeal? Was it argued that in the event that we strike the punitive damages, then the prejudgment interest needs to be as to the [original] offer or the [final] offer? Was that litigated in the Court of Appeal?"

Lenders replied, "Remember the question before your Honor that we are litigating here is the applicability of the last offer rule and the last offer extinguishing the first offer all because [Homeowner] at this point has beat her [original] offer but failed to beat the [final] offer. This issue could not possibly have been brought before the Court of Appeal. It didn't exist."

## H. RULING

The trial court denied Lenders' motion to delete the prejudgment interest. In explaining its decision, the trial court wrote, "Though [Lenders] contend the issue was not 'ripe' until after punitive damages were reversed, they could have and should have raised the issue simultaneously with the punitive damages issue (e.g., asking the appellate court to reverse prejudgment interest if it were to reverse punitive damages). . . . [Lenders] failed to do so." The trial court concluded it lacked

5

jurisdiction to consider the issue of prejudgment interest because it was outside the boundaries of the disposition and remittitur.

The amended judgment reads, in relevant part, "Now, therefore, it is ordered, adjudged, and decreed that [Homeowner] have and recover from [Lenders], any previously unsatisfied amounts from the sum of $918,232.31 as a joint and several liability. Additionally, [Homeowner] shall have and recover from [Lenders], prejudgment interest at the rate of ten percent (10%) per annum under Civil Code § 3291, from February 6, 2017, the date of Plaintiff's first offer pursuant to Code of Civil Procedure § 998, which is exceeded by this amended judgment, to October 29, 2019."

## DISCUSSION

Lenders assert that, on remand, the trial court had jurisdiction to decide the issue of whether Homeowner's final offer extinguished her original offer (*Wilson v. Wal-Mart Stores, Inc.* (1999) 72 Cal.App.4th 382, 391), because that issue was not ripe for decision until after our 2022 opinion was finalized. Lenders are mistaken.

"[T]he rule requiring a trial court to follow the terms of the remittitur is jurisdictional in nature. [Citation.] The issues the trial court may address in the remand proceedings are therefore limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a particular determination, the trial court is not authorized to do so." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859-860.)

6

"[T]he ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Vandermost v. Bowen* (2012) 53 Cal.4th 421, 452.)

In the 2022 appeal, if Lenders had wanted to raise the issue of the original offer being extinguished, then they could have done so. Lenders could have argued that the trial court erred by charging them an extra year of prejudgment interest because the operative offer was the final offer (made in 2018)—not the allegedly extinguished original offer (made in 2017). Thus, the issue was ripe at the time of the 2022 appeal. There was no need to wait until after our 2022 opinion was finalized. Because Lenders did not argue the issue within the 2022 appeal, we did not address it or include it in our 2022 disposition. As a result, the trial court lacked jurisdiction over the issue following the 2022 appeal. The trial court did not err.

Lenders contend "the trial court never ruled in the first instance on the issue of the Last Offer Rule," i.e., whether the final offer extinguished the original offer. The 2019 judgment reads, "[P]rejudgment interest at the rate of ten percent (10%) per annum under Civil Code § 3291 from the date of [Homeowner's] first offer pursuant to Code of Civil Procedure § 998 on February 6, 2017, which is exceeded by the judgment, until paid." The foregoing portion of the judgment is a ruling that the original offer (from 2017) is operative.

7

Lenders assert that prejudgment interest fell within the bounds of the remittitur because " 'it is necessary for the trial court to determine the amount of the award.' " Punitive damages are included when determining if a plaintiff received a more favorable judgment than the section 998 offer; however, interest is not awarded on the punitive damage portion of the award. (*Lakin v. Watkins Associated Industries*, *supra*, 6 Cal.4th at p. 662, including fn. 13.) Our 2022 opinion only reversed the punitive damages. Thus, we disagree that the trial court needed to address the issue of prejudgment interest on remand because the reversal of punitive damages did not require the recalculation of interest.

## DISPOSITION

The order denying the motion to amend the judgment is affirmed. Respondent, Michelle Galyardt, is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)[4]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

---

[4] The portion of Homeowner's request for judicial notice that has yet to be ruled upon is denied.