Filed 11/15/24  P. v. Miller CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRAD ROBERT MILLER,<br><br>Defendant and Appellant. | C100466<br><br>(Super. Ct. No. 62-098243) |

Appointed counsel for defendant Brad Robert Miller asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  We will affirm.

BACKGROUND

A jury found defendant guilty of first degree murder and unlawful firearm activity in 2012 and found true the allegation that defendant personally discharged a firearm causing death.  The probation report indicated that, at some time before the murder,

1

defendant had earned $500,000 per year.  Defendant's counsel objected to a number of sections of the probation report, which the trial court struck, but did not dispute the accuracy of defendant's income or contend defendant lacked the ability to pay fines or fees.  The trial court sentenced defendant to 53 years to life in state prison.  The court imposed a $10,000 restitution fine pursuant to Penal Code section 1202.4, subdivision (b)[1] and imposed and suspended a $10,000 parole revocation restitution fine, pursuant to section 1202.45.

Defendant appealed, but did not challenge the restitution fine on appeal.  (*People v. Miller* (Aug. 21, 2014, C071677) [nonpub. opn.] [2014 Cal. App. Unpub. LEXIS 5924].)  This court affirmed the judgment.  (*Ibid.*)

In 2023, defendant filed a motion asking the trial court to vacate the $10,000 restitution fine.  Defendant argued that Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill No. 1869) (Stats. 2020, ch. 92) and section 1465.9 repealed the restitution fine and required the court to vacate the portion of the judgment imposing it.  Defendant also contended the court violated his right to due process by imposing the restitution fine without considering his ability to pay the fine.

The trial court denied the motion, explaining that Assembly Bill No. 1869 did not repeal section 1202.4, subdivision (b), and section 1465.9 did not apply to restitution fines.  The court also determined defendant could not raise his ability to pay the restitution fine using a postconviction motion because he had already had the opportunity to raise that issue on direct appeal.

Defendant timely appealed the denial of his motion.  Defendant asked to represent himself, but failed to file a brief that complied with the California Rules of Court.  (See

---

**1**      Undesignated section references are to the Penal Code.

Cal. Rules of Court, rules 8.360, 8.204.)  This court then appointed counsel to represent defendant on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra,* 25 Cal.3d at pp. 441-442.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

In *People v. Delgadillo* (2022) 14 Cal.5th 216, the California Supreme Court held that *Wende* procedures do not apply in appeals from the denial of section 1172.6 postjudgment petitions.  (*Delgadillo, supra*, at pp. 224-226.)  Thus, in this appeal from the denial of postjudgment relief, we are not required to examine the entire record to look for arguable grounds for reversal.  (*Id.* at p. 228.)  Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a supplemental brief but did not, we could dismiss the appeal as abandoned.  (*Id.* at p. 232.)  However, we have discretion to conduct a *Wende* review.  (*Ibid.*)  We exercise that discretion here.

Assembly Bill No. 1869 added section 1465.9 to the Penal Code.  As enacted by Assembly Bill No. 1869, subdivision (a) of that section initially provided:  "On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."  (Stats. 2020, ch. 92, § 62.)  It did not include section 1202.4, which authorizes the imposition of restitution fines and victim restitution.  To the contrary, Assembly Bill No. 1869 confirmed that sentencing courts remained authorized to impose restitution fines under section 1202.4 subdivision (b) by, for example, directing

probation officers to include in their sentencing reports "[t]he amount the defendant should be required to pay as a restitution fine pursuant to subdivision (b) of Section 1202.4." (Stats. 2020, ch. 92, § 41; see also Stats. 2020, ch. 92, §§ 42, 50, 51.)

Subsequently, in Assembly Bill No. 177 (2021-2022 Reg. Sess.) (Assembly Bill No. 177), the Legislature amended section 1465.9 to provide, in part, that, "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to Section 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35.) Assembly Bill No. 177 repealed section 1202.4, former subdivision (l), which authorized county boards of supervisors to "impose a fee to cover the actual administrative cost of collecting the restitution fine." (Stats. 2021, ch. 257, §§ 19, 20.) However, this legislation kept the remainder of section 1202.4 intact, including the authorization for restitution fines (§ 1202.4, subd. (b)) and victim restitution (§ 1202.4, subd. (f)). Even where it applies, section 1465.9's relief, insofar as relevant here, is limited to "court-imposed costs" (§ 1465.9, subd. (b)); it does not eliminate restitution fines or awards of restitution to victims. The Legislature's expressly stated purpose in Assembly Bill No. 177 was "to eliminate the range of *administrative fees* that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of *administrative fees*." (Stats. 2021, ch. 257, § 2, italics added.) In short, there is no support for the premise that the Legislature intended to provide relief from restitution fines.

We also note the trial court correctly concluded that defendant had waived the argument that he had been denied due process because he lacked the ability to pay the restitution fine because defendant failed to raise the issue at his sentencing hearing or on direct appeal. (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143 ["Waiver precludes

successive appeals based on issues ripe for consideration in the prior appeal and not brought in that proceeding"]; accord, *People v. Rosas* (2010) 191 Cal.App.4th 107, 116; *People v. Senior* (1995) 33 Cal.App.4th 531, 538.)  In any event, the probation report is the only evidence in the record regarding defendant's ability to pay, and it shows prior income arguably sufficient to pay the restitution fine.

We conclude defendant was not entitled to relief on his motion and the motion did not raise an arguable issue on appeal.  Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's January 5, 2024, order denying defendant's motion to modify his sentence and vacate his restitution fine is affirmed.

\s\ ,
Krause, J.

We concur:


\s\ ,
Duarte, Acting P. J.


\s\ ,
Wiseman, J.[*]

---

[*]     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5