Filed 1/15/25  P. v. League CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUCILLE IRENE LEAGUE,<br><br>    Defendant and Appellant. | H051801<br>(Santa Clara County<br>Super. Ct. No. 82442) |

**THE COURT[1]**

Lucille Irene League (League) appeals from an order denying her application for release upon restoration to sanity pursuant to Penal Code section 1026.2,[2] under which a person committed to a state hospital can move to be released upon the showing that sanity has been restored.  Appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and League subsequently filed a supplemental brief on her own behalf.  For the reasons set forth below, we affirm the order.

**I.  FACTUAL AND PROCEDURAL BACKGROUND[3]**

In 1982, the court found League not guilty by reason of insanity of one count of murder with a knife.  (§§ 187, 12022, subd. (b).)  The court committed her to Napa State Hospital for the indeterminate term of 16 years to life.  League was diagnosed with

---

[1] Before Greenwood, P. J., Danner, J., Bromberg, J.

[2] Unspecified statutory references are to the Penal Code.

[3] The underlying facts are not relevant to the issues raised on appeal.

schizophrenia and psychosis with delusions of hyper-religiosity. Since 1982, she has been granted outpatient treatment eight times. She was last released to the Department of State Hospital's Conditional Release Program (CONREP) in December 2019. League was then readmitted to Napa State Hospital in December 2021. In November 2022, League applied for release to an outpatient facility pursuant to section 1026.2 alleging her sanity was restored. After an evidentiary hearing, the trial court denied the application.

At the hearing, the court heard testimony from several people, including League. League testified that she had made a lot of progress since coming back to the hospital and that she was "more stable than [she's] ever been before in [her] life." She testified that she would take her medication and attend treatment if she were released to an outpatient community, but that she would not participate in any "hypnotic techniques" in therapy because they violate her religion. Two chaplains from Napa State Hospital testified on League's behalf that they did not consider League to be violent or overly religious.

Dr. Alexis Caplan,[4] a senior forensic psychologist who previously treated and evaluated League at Napa State Hospital, did not recommend outpatient treatment. She opined that League's symptoms were often characterized by physical and verbal aggression and that she continued to lack the necessary insight to manage her symptoms independently or seek out appropriate help. Caplan did not feel comfortable recommending discharge because League disagreed with medical diagnoses, refused to participate in appropriate therapy, and had not developed skills to work collaboratively with others or take accountability for her risk of violence. Ramiro Carrillo, the community program director for Harper Medical Group South Bay CONREP, similarly opined that League was not ready for outpatient treatment and would need to participate in therapy, be open to feedback, and ensure her hyper-religiosity did not interfere with her treatment to be eligible for discharge.

---

[4] Dr. Caplan's name is spelled as "Caplan" in the opening brief but as "Kaplan" in the hearing transcript. We defer to the spelling in the opening brief.

The trial court denied League's application for release, stating that League "still continues to struggle with the ability to recognize signs of mental illness, oftentimes called insight" and that it did not believe "that the immediate response, if symptoms were to occur, would be to alert CONREP" due to League's distrust of CONREP. "[W]hile some of that distrust [the court] understand[s], in the end, CONREP is the supervising agency." With respect to the issue of dangerousness, the court stated: "[T]here is a concern by this Court of continued medication reliance and staying with that medication, especially with the disagreement with regards to diagnosis and the ability to recognize symptoms of mental illness and that that decompensation has, in the past, escalated very quickly to violence. [¶] The Court at this time does not feel that the defense has met the burden by a preponderance and is going to deny the petition for discharge at this time." League timely appealed.

Appellate counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We subsequently informed League that the court would treat the brief as filed under *Delgadillo*, *supra*, 14 Cal.5th 216 and *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), and that League could submit a supplemental brief on her own behalf. (See *Delgadillo*, at pp. 231-232.) League filed a timely supplemental brief.

## II. DISCUSSION

In her supplemental brief, League contends that all individuals, aside from her chaplains, testified falsely and are biased. She disagrees with the medical diagnoses, medications, and therapy. League also contends she received ineffective assistance of counsel because she was appointed a new public defender one day prior to her revocation hearing in December 2021, her current public defender prevented her from calling additional witnesses at her hearing, and her appellate attorney failed to discuss her case with her or acknowledge her.

We review a defendant's supplemental brief filed under *Delgadillo* to determine whether they have raised an arguable issue on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at

3

p. 232.) An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.) Having reviewed the supplemental brief, we conclude that League does not raise an arguable issue on appeal.

League contends that everyone, aside from her chaplains, made false accusations during the hearing because they are biased against her and that the court did not properly weigh the evidence and testimony. This contention is not arguable on appeal because League does not support her assertions with references to the record on appeal. Even if she had provided such references, on appeal this court cannot reweigh the evidence or reevaluate differences in opinion. (*People v. Cross* (2005) 127 Cal.App.4th 63, 73.)

The claims of ineffective assistance of trial and appellate counsel are also not arguable on appeal. To the extent League claims ineffective assistance of trial counsel during her December 2021 hearing, her claims are not timely because they should have been raised in an appeal from that hearing. (See *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143.)

Nor is League's claim that her public defender was ineffective by limiting witnesses at the hearing arguable. To show ineffective assistance of counsel, an appellant must show that counsel's performance was deficient, falling below an objective standard of reasonableness, and that appellant was prejudiced as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.) League concedes that her public defender told her the witnesses were either unreachable or would not come to the hearing. League now believes her trial attorney was lying. She cites no factual basis for such a contention, nor is there anything in the record from which trial counsel's veracity regarding witness availability could be evaluated. (*People v. Wilson* (1992) 3 Cal.4th 926, 936.)

Finally, ineffective assistance of appellate counsel is not a cognizable argument on appeal from an order denying an application for release. The appropriate vehicles for

4

such a challenge are either a motion to relieve counsel, or a petition for habeas corpus. (See *In re Reno* (2012) 55 Cal.4th 428, 487-488, superseded by statute on other grounds as stated in *In re Friend* (2021) 11 Cal.5th 720, 728.) League has not sought such relief. Even if we treat League's contentions regarding appellate counsel as a motion to relieve counsel, League has failed to make the required showing. The act of filing a no-issues brief does not, in and of itself, constitute ineffective assistance of counsel. (See *Serrano*, *supra*, 211 Cal.App.4th at pp. 500, 503 [attorney satisfies ethical duties by filing no-issues brief and does not need to withdraw as counsel before doing so].) League states her appellate attorney failed to discuss her case with her or acknowledge her. The record before us does not support that contention. League's appellate counsel submitted a declaration with the opening brief indicating that counsel advised League regarding her case, provided her with a record on appeal to aid in preparation of any supplemental brief, and advised League that she had the right to ask the court to have her counsel relieved and another attorney appointed. League then filed a supplemental brief. League has neither demonstrated that appellate counsel's performance was deficient nor does she identify any prejudice suffered as a result of appellate counsel's conduct. She has not set forth a basis in her supplemental briefs to relieve counsel.

Because League raises no arguable issue in her supplemental brief, we affirm the trial court's order denying her application for release. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

### III. DISPOSITION

The order denying League's application for release upon restoration of sanity is affirmed.

5